OPINION of the Court, by
Chi J. Boyle.-í~
On the trial of this cause in the court below the plaintiff offered in evidence a copy of á record from the court of the district of Union, , in South Carolina. The copy was attested by the clerk, With the seal of the court annexed, and the attestation was certified by two fudges to be in due form. One of the judges states jjj||)self to be the judge “ that presided, ánd one of the judges of thMge perior courts of law of saiíhstate the other judge himself to be “ the senior judge or the courts of’, law of the state of South Carolina.” . ⅛
The defendant objected to the admission of the copy. ... , i . , , . rF,, as evidence, and the court sustained the objection. The question how to be decided is, whether the court erred ⅛ the rejection of the fecord as evidence ?
This question depends upon the sufficiency of its au' mentication. By the constitution of the United States Congress has power to prescribe the manner in which the public acts, records! and judicial proceedings -in sevéral states shall be proved, in any other state ; and fey an Sit of May 1790 congress has declared that the re *370 cords and judicial proceedings of the courts of any state ⅜⅛1) be proved or admitted in any other court in the United States by the attestation |>f the clerk and the seal of the court annexed, if there be a seal, together with the certificate of the judge, chief justice or presiding magistrate, as the case may be, that the said attestion is in due form.
The laws of fjfter Gates are jnarters of »a£t, of which proof snuftbe made,
It cannot be admitted that under this act any judge of anV court of the state may certify a record. It must be the judge, if there be but one, or if there be more then the chief justice or presiding judge or magistrate of the court from whence the record comes, and he must possess 'that character at the time he gives the certificate. If this be the correct construction of the act (and it is clearly susceptible of no other) it is obvious that neither of the judges who have certified the record in question, has given to himself the character which would authorise him to authenticate the record by his certificate.
The statement in the first certificate that the judge who gave it was the judge “ that presided” implies rather that he was not, than that ne was the presiding judge of the court from whence the record came, at the time he gave the certificate ; and the statement “ that he was one of the judges of the superior courts of law,’* eertainlv cannot import that he was a judge, much less the sole judge, chief justice or presiding judge of that court. The certificate of the other judge “ that he was the senior judge of .the courts of law” of his state, so far from implying tipt he possessed the character which wgald authorise him to give such a certificate, does not ⅜ indicate that he had any relation to the court from whence the record came.
Cases no doubt may occur, as Was supposed in the ar-gumentan which no judge can with truth or propriety, except at particular times, be denominated the judge, chief justice, or presiding judge or magistrate of a particular court.; as where .different judges constitute the same court at different times by rotation, an instance of which is to be found in the organization of the general court of this state. But it does not follow that any jud je of a court thus organized may certify a record when he is not the judge, chief justice or presiding judge, because ha had been before, or might be there'» *371 after phssessed of that character. The only inconvenience that results from cases of that kind, is the delay fhat in some instances must occur in waiting until some judge is qualified by his situation to give the requisite certificate. This inconvenience, though perhaps of more frequent occurrence, is not greater than may be produced in other cases by the absence, death, resignation or removal of a judge and these are cases evidently not provided for by the act of congress. Whether they were not foreseen, or were intentionally omitted, cannot be certainly told, nor is it material, for in neither case is it competent tor a court to supply the defect.
But were it admitted in the cases that are put, where there is no judge at the time the record is authenticated possessing the character of the judge, chief justice or presiding judge, that any judge who by the organization of the court might in rotation become possessed of that character, would be authorised to certify the record, still we could not know that the court from whence the record in this case comes, was so organized. The laws of a sister state are clearly not matters of law here, of which the courts must be presumed to have a knowledge. From the nature of things, they must be mere matters of fact, and must be proved like other facts by competent testimony ; but of the laws of South Carolina upon this subject no evidence was produced in the court below, and none can be admitted in this court which was not produced in the inferior court. We are therefore of opinion that the record was correctly rejected as evidence in the court below. • f⅛
Judgment affirmed with costs,