## Case No. 13,428a.

STEWART v. GRAY.

[Hempst. 94.][1]

Superior Court, Territory of Arkansas. July, 1830.

RECORDS—AUTHENTICATION—JUDGE'S CERTIFICATE —NONSUIT—AT WHAT TIME MAY BE ENTERED.

1. Under the act of 1790 [1 Stat. 122] the certificate of a judge styling himself "one of the

1 [Reported by Samuel H. Hempstead. Esq.]

judges" of a court, is not a sufficient authentication, but it must appear that he is the chief justice, or presiding judge or magistrate.

2. A plaintiff may suffer a nonsuit at any time before the jury find a verdict; but it is too late after a court has decided on the plea of nul tiel record.

Appeal from Pulaski circuit court. Determined before Thomas P. Eskridge, Edward Cross, and James Woodson Bates, Judges.

[This was an action of debt by Adam D. Stewart against Sampson Gray.]

ESKRIDGE, J. This is an action of debt, founded upon the record of the supreme court of the state of Tennessee, and comes to this court by appeal from the circuit court of Pulaski. Issue was joined in the court below upon the plea of nul tiel record and was decided in favor of the defendant; to which opinion the plaintiff excepted. The plaintiff's counsel then moved the circuit court to be permitted to suffer a nonsuit; which motion was overruled, and to this opinion the plaintiff likewise excepted

The questions to be decided by this court are: First, whether the circuit court erred in sustaining the plea of nul tiel record; and second, whether the court erred in overruling the plaintiff's motion to be permitted to suffer a nonsuit. The first question depends upon the sufficiency of the authentication of the record of the supreme court of Tennessee. By the constitution of the United States, congress has the power to prescribe the manner in which the public acts, records, and judicial proceedings in the several states shall be proved, in order to make them evidence in any other state; and by an act of May, 1790, has declared that the records and judicial proceedings of the courts of any state shall be proved or admitted in any other court in the United States by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with the certificate of the judge, chief justice, or presiding magistrate, as the case may be, that the attestation is in due form. The record of the supreme court of Tennessee is attested by the clerk, with the seal annexed, and the attestation is certified by one of the judges to be in due form. The judge states himself to be "one of the judges of the supreme court of Tennessee." Is this a sufficient authentication? It cannot be admitted that, under the act of congress, any judge can certify the record. It must, by the language of the act, be the judge, if there be only one, or if there be more, then the chief justice or presiding judge, or magistrate of the court from which the record comes; and he must possess the character at the time he gives the certificate. If this be the correct construction of the act, and it is clearly susceptible of no other, it is manifest that the judge who certified the record in question has not given himself the character required by the act. The statement that he is one of the judges of the supreme court of Tennessee, certainly does not

import that he was the sole judge, chief justice, or presiding judge of that court. Cases may occur in which no judge can with truth or propriety be denominated the judge, chief justice, or presiding judge of a particular court; for example, where several judges constitute a court, and the law is silent as to which of them shall be the presiding judge, as is the case with the superior court of this territory. In courts thus organized, at each term one of the judges must necessarily preside; but it does not follow that any judge of a court thus constituted may certify a record when he is not the presiding judge, because he has been, or may be thereafter, possessed of that character. The only inconvenience that results from cases of this kind is, the delay that in some instances must occur in waiting until some judge is qualified by his situation to give the requisite certificate. This is an inconvenience for which the act of congress has not provided; nor has the act provided for the cases of absence, death, resignation, or removal of the judge. Stephenson v. Bannister, 3 Bibb, 369, a case expressly in point. The circuit court, therefore, did not err in not receiving as evidence the record of the supreme court of Tennessee, under the plea of nul tiel record.

The second question is, whether the circuit court erred in overruling the plaintiff's motion to be permitted to suffer a nonsuit. In issues of fact triable by a jury, the plaintiff will be permitted to suffer a nonsuit at any time before the jury actually find their verdict, but never afterwards. In the case now before the court, the issue joined upon the plea of nul tiel record was an issue of law properly triable by the court; and after the court had delivered its judgment upon the issue submitted to it, it was too late for the plaintiff to apply for permission to suffer a nonsuit. 1 Archb. Prac. 211; 3 Bl. Comm. 376. Judgment affirmed.