### · JESSE BATES *v.* JOHN McCULLY.

The act of legislature of 1852, p. 202, makes it the duty of the courts of this State to take judicial cognizance of the laws of other States; and by the judicial system of South Carolina the associate judges of the State are alternately presiding judges of the courts of common pleas: — *Held*, that the certificate to a record by a judge in that State, which set forth that he was one of the associate judges of the State aforesaid, and a presiding judge of the court of common pleas, &c., is a sufficient certificate in law.

IN error from the circuit court of Attala county; Hon. Robert C. Perry, judge.

The facts are contained in the opinion of the court.

*Lawson*, for appellant,

To show that the certificate of the judge was not sufficient, cited 3 Phil. Ev., C. & H. notes, 1131, 1132.

Bates *v.* McCully.

*Campbell*, for appellee,

Cited *Bibb* v. *Jones*, 7 How. 397; 5 Ib. 621; 7 Ib. 408; Ib. 554; Ib. 386; 2 S. & M. 248; 4 Ib. 118; Freem. Ch. 116.

Mr. Justice HANDY delivered the opinion of the court.

This action is founded on a judgment of the court of common pleas for Richland district, in the State of South Carolina; and the only question presented is, whether the certificate of the judge to the transcript of the record offered in evidence on the trial below, was sufficient.

The certificate is in these words, " I, John Betton Oneall, one of the associate judges of the State aforesaid, and a presiding judge of the court of common pleas in the State aforesaid, do certify," &c.

It is objected, that this certificate does not show that the judge was the chief or presiding judge of the court of common pleas, and the objection is tenable unless under the peculiar judicial system of the State of South Carolina, the judge granting the certificate was the presiding judge of that court. No evidence upon this point was adduced in the court below. But the statute of this State passed in 1852, p. 202, c. 74, makes it the duty of the courts of this State to take judicial cognizance of the laws of the other States; and by the judiciary system of the State of South Carolina, the associate judges of the State are alternately presiding judges of the court of common pleas. This obviates the ground on which the case of *Stephenson* v. *Bannister*, 3 Bibb, 369, relied upon to support this objection, was placed, as by the laws of South Carolina, which the court below was bound to notice, the certificate is sufficient to show that the judge granting it was the presiding judge of that court, and competent to grant the certificate within the contemplation of the act of Congress.

Judgment is affirmed.