## NELSON GAVIT *vs.* ANDREW SNOWHILL.

1. An exemplification of the record or judicial proceeding of the court of another state is sufficiently authenticated under the act of congress of May 26th, 1790, without having annexed the certificate of the clerk of the court, that the judge, chief justice, or presiding magistrate who certifies the record to be in due form is such officer.

2. To the exemplification of the record of a judgment rendered in the District Court of the city and county of Philadelphia was annexed a certificate, commencing as follows: " I, G. S., Esq., president of the District Court," &c. *Held* that the certificate was sufficient, the omission of the word judge, after the word president, not affecting its validity. *Held*, also, that it sufficiently appeared by the certificate that he was such officer at the time of signing it.

Error to the Middlesex Circuit Court.

This was an action of debt, brought in the Middlesex Circuit Court by Nelson Gavit against Andrew Snowhill, on a judgment rendered in the District Court for the city and county of Philadelphia, in the State of Pennsylvania.

The case was tried at the said Circuit Court, September Term, 1855, and a judgment rendered for the plaintiff.

The defendant brought a writ of error removing it into this court.

The only question in the case is, whether the exemplification of the record offered in evidence was properly certified by the judge and clerk of the District Court of Philadelphia, according to the act of congress of May 26th, 1790.

The facts sufficiently appear in the opinion delivered.

The case was submitted on briefs, at June Term, 1856, to the CHIEF JUSTICE, and Justices OGDEN, HAINES, and RYERSON, by *H. V. Speer*, for the plaintiff in error, and *Field*, for the defendant.

The CHIEF JUSTICE delivered the opinion of the court.

To an action of debt, brought upon a judgment rendered in the District Court of the city and county of Phi-

Gavit v. Snowhill.

ladelphia, the defendant pleaded *nul tiel record*, and issue was joined thereon.

The plaintiff, in support of the issue on his part, produced in evidence an exemplification of the record of the judgment, under the act of congress of May 26th, 1790.

That act applies to the records and judicial proceedings of the courts of any state, and directs that they "shall be proved or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, as the case may be, that the said attestation is in due form." 1 *Laws U. S. (Story's ed.)* 93.

The act of 27th March, 1804, applies to "all records and exemplifications of office books, which are or may be kept in any public office of any state, *not appertaining to a court*, and directs that they shall be proved or admitted in any other court or office in any other state, by the attestation of the keeper of the said records or books, and the seal of his office thereto annexed, if there be a seal, together with a certificate of the presiding justice of the court of the county or district, as the case may be, in which such office is or may be kept, or of the governor, the secretary of state, the Chancellor, or the keeper of the great seal of the state, that the said attestation is in due form and by the proper officer; and the said certificate, if given by the presiding justice of the court, shall be further authenticated by the clerk or prothonotary of the said court, who shall certify, under his hand and the seal of his office, that the said presiding justice is duly commissioned and qualified ; or if the said certificate be given by the governor, the secretary of state, the Chancellor, or keeper of the great seal, it shall be under the great seal of the state in which the said certificate is made." 2 *Laws U. S. (Story's ed.)* 947.

The act of 1804 requires the same proof of records *not appertaining to a court* that is required by the act of 1790

in regard to the records and judicial proceedings of courts. It requires additional proof also, viz., the certificate of .one of. the officers designated, that the attestation is by the proper officer, and where the certificate is given by the presiding justice of the court, a further certificate by the clerk of that court, that the said presiding justice is duly commissioned and qualified.

The verification in this case is made under the act of 1804. The fact that it embraces more than is required by the act of 1790 cannot impair its validity, if it is in compliance with that act. The certificate of the presiding judge is in this form : " I, G. S., Esq., president of the District Court for the city and county of Philadelphia, do certify," &c. It is objected that the officer certifying styles himself simply president of the court. He does not certify that he is judge, or Chief Justice, or presiding judge. The term president does not, it is said, import that he is a judicial officer, or clothed with judicial powers, and for all that appears, he may have been a person appointed to keep order in court, or to perform any other ministerial function. But we are of opinion that the phrase president of a court does import a judicial officer; that it has as definite a meaning in common parlance and is as well understood, at least, as the phrase " presiding magistrate," which is one of the titles used in the act. Undoubtedly the title " president of a court," may by possibility, in some state or kingdom, be used to designate some other than a judicial officer, and so, for aught we know to the contrary, may the title of judge or chief justice. But until the contrary appears, the title will be presumed to be used in its ordinary and appropriate sense.

It is further objected that it does not appear that the officer certifying was qualified at the time of giving the certificate. This is clearly necessary. *Stephenson* v. *Bannister*, 3 *Bibb* 369 ; *Phil. Ev., Cowen & Hill's notes*, note 771, *p.* 399.

But we think it does so appear. To say I, president of

the District Court, do certify, is tantamount to saying I, who am now president of the District Court, do certify. The certificate, in this respect, is in the form usually, if not universally used, and admits of no misconception or misconstruction.

There is annexed to the exemplification in this case, in conformity to the act of 18c4, a certificate of the clerk of the court, that the magistrate by whom the certificate was given, was then presiding judge of the District Court. The case is decided entirely irrespective of that certificate, nor is any opinion intended to be intimated whether it could in any way aid the certificate of the judge, if that were in itself defective.

The exemplification, as offered to the court, was competent evidence, and the plaintiff is entitled to judgment.