The opinion of the court was delivered by
Horton, C. J.:
This was an action, brought by the plaintiff in error against the defendant in error, to quiet title to certain real estate situate in Jackson county. The petition was filed on the 28th day of May, 1880. On the same day, a *352 summons was issued for defendant, directed to the sheriff of Doniphan county, returnable in thirty days. This summons was lost, and no service was had thereunder. On the 20th day of October, 1880, an alias summons was issued by the clerk, under the seal of the court, and directed to the defendant, notifying him that he had been sued by plaintiff, and requiring him to answer the petition filed by plaintiff in the clerk’s office of the court, within sixty days from the date of the service thereof, or that the said petition would be taken as true, and judgment rendered accordingly. On the 4th day of March, 1881, this summons was returned, with the indorsement verified by the party making such service, that it was served personally on the defendant, at St. Joseph, Buchanan county, Missouri, on February 18, 1881, by Joseph A. Brown, deputy sheriff of said Buchanan county. At the April term of the court for 1881, the defendant not having appeared by demurrer, answer or’ otherwise, plaintiff took judgment forever barring the defendant from setting up any title, estate, interest or lien to the land described in the petition. At the same term of court, and on the 20th day of April, 1881, the defendant filed a motion to set aside and vacate the judgment of the court for various reasons. This motion was supported by the affidavit of the defendant, alleging, among other things, that the only claim of title to the real estate in controversy, claimed by plaintiffj was a pretended tax deed for taxes on the premises for the year 1875, which defendant had fully paid on the 12th day of November, 1875, whereby the said tax deed was of no validity, as the taxes for which the land was sold had been paid prior to the sale. Upon the hearing of the motion, on the 6th day of July, 1881, being at the said April term, the court sustained the motion of defendant, and ordered that the judgment rendered on the 20th of April, 1881, be set aside and held for naught, and adjudged that defendant pay the costs of the action up to date, taxed at $16.50. The case was directed to stand for hearing at the following term of court. The plaintiff ex *353 cepted to the vacation of the judgment, and brings the case here.
As the order of the district court simply opened up the judgment and the default, and allowed the defendant to answer so that the merits of the case might be heard and considered, and the case disposed of upon its merits, such order is not reviewable by this court. ( McCulloch v. Dodge, 8 Kas. 476.)
Again, as the application to set.aside the default and judgment was made at the same term at which the judgment was rendered, and as the court vacated the judgment at the same term, such action rested to a very great extent in the sound discretion of the court below, and as it cléarly appears that defendant asserted a meritorious and valid defense, we would not be disposed to reverse the ruling of the district court, even if the order were reviewable hero and the grounds alleged for such vacation technically incorrect.
However, as an important question concerning the service of a summons out of the state is discussed in the briefs, we pass to the consideration of that. It is alleged, among other grounds for the vacation of the judgment, that the defendant had not been duly served with the process of the court, and that the court had no jurisdiction to try and determine the cause at the rendition of the judgment. Sec. 76 of the code prescribes that “In all cases where service may be made by publication, personal service of summons may be made out of the state by the sheriff of the county in which such service may be made.” In making the service of the summons out of the state, a sheriff derives his authority from this statute, not from the state laws where he resides; and under this statute, it seems to us that the service of the summons must be made by the sheriff in person; and that the service cannot be made by a deputy or any other person acting as a substitute for him. The statute authorizes the summons to be served out of the state by a sheriff, and names no other person. (Morris v. Patchin, 24 N. Y. 394; Railway Co. v. Cutter, 19 Kas. 83.) In this case, the sheriff of Buchanan county did not make service of the summons; therefore the statute was *354 not complied with, and the defendant was not served at the time of judgment with the process of the court as prescribed by law. The deputy sheriff of Buchanan county had no more authority to make service than any other person acting as a substitute for the sheriff.
The order of the district court must be affirmed!
All the Justices concurring.