ROBERT MURDOCK, Respondent, v. MARK P. HILLYER *et al.*, Appellants.

Kansas City Court of Appeals, May 11, 1891.

1. **Process:** PERSONAL, AGAINST NON-RESIDENT DEFENDANT : STATUTE CONSTRUED : AFFIDAVIT : JUDGMENT. Before process authorized by section 2029, Revised Statutes, 1889, issues against a non-resident defendant, plaintiff should file the affidavit provided by section 2022, which is a prerequisite to a valid service under the former section ; and this, too, notwithstanding the petition alleges the non-residency of the defendant. The statute should meet with close compliance in order to justify such judgment as is therein mentioned.

---

Murdock v. Hillyer.

---

2.   ———: AFFIDAVIT OF SERVICE ON NON-RESIDENT : DEPUTY CLERK :
     STATUTE CONSTRUED.  The affidavit proving service of process
     under section 2029, Revised Statutes, 1889, must be made before
     the clerk of the designated court, and not before his deputy, as the
     statute does not confer such authority on the deputy.

3.   Mechanics' Lien: CONTRACTOR A NECESSARY PARTY.  There
     must necessarily be an adjudication of the debt for which the lien
     is claimed before there can be an enforcement of the lien ; and
     such adjudication must take place, when the debtor is in court.

*Appeal from the Jackson Circuit Court.*—HON. JOHN
W. HENRY, Judge.

REVERSED AND REMANDED.

*Flower & Baird*, for appellants.

(1) The court erred in submitting the case to a
jury. It should have been tried by the court. 2 R. S.,
sec. 6715. (2) The court erred in rendering judgment
against answering defendants, and subjecting the prop-
erty to a lien, as Hillyer, the contractor, was never
under the jurisdiction of the court, never having been
duly served with process, nor made any appearance
whatever in the case. Section 2029, Revised Statutes
of Missouri, 1889, permits personal service on a non-
resident in the cases mentioned in section 2022 ; but
provides that before any such service can be made the
plaintiff must make the affidavit required by said sec-
tion 2022. The affidavit required in section 2022 is as
to the non-residence of defendants. No such affidavit
was ever filed in this case. (3) The service on Hillyer
is fatally defective in another respect, and even if the
proper affidavit had been filed would not have brought
him within the jurisdiction of the court. Section 2029,
Revised Statutes of Missouri, 1889, providing for per-
sonal service out of the state, prescribes by whom same
shall be served, and before whom the officer making
such service shall certify to having made such service.

The return showing service upon Hillyer shows such
certificate to have been made by a deputy; whereas
the statute prescribes that such certificate shall be made
by the clerk and not a deputy clerk. *Flint v. Noyes*,
27 Kan. 351–3; *Railroad v. Cutter*, 19 Kan. 83 and 86;
1 Greenl. Ev. [14 Ed.] sec. 506; *Morris v. Patcher*, 24
N. Y. 394. (4) No service having been obtained on
Hillyer, and he never having answered or entered any
appearance whatever in the case, the judgment against
him is void. *Holland v. Johnson*, 80 Mo. 34; *Fithian
v. Monks*, 43 Mo. 502; Freeman on Judgments, sec. 132;
*Swearenger v. Gulick*, 67 Ill. 208; *Bannon v. People*,
1 Ill. 496. Where a judgment is void as to one of sev-
eral defendants it is void as to all. *Ins. Co. v. Clover*,
36 Mo. 392; *Hulett v. Nugent*, 71 Mo. 134; *Carroll v.
Frank*, 28 Mo. App. 68. (5) In a mechanic's lien
case no recovery can be had charging the premises with
a lien except as an incident to a personal judgment
against some one with whom the contract for work or
material was made. *Bombeck v. Devorss*, 19 Mo. App.
38; *Steinkamper v. McManus*, 26 Mo. App. 51; *Stein-
man v. Strimple*, 29 Mo. App. 478–482.

*F. M. Lowe*, for respondent.

There is nothing in the points raised by appellants
in regard to the service on defendant Hillyer. The
service was in strict conformity to the statute. And
the fact, that the certificate of the sheriff (the service
was made by the sheriff, and not the deputy as appel-
lants state) to the service was made before the deputy
clerk, does not affect the process in any way. The
authorities cited by appellants, in support of their view
of this point, do not even look that way. They all
refer to the construction of the Revised Statutes of the
United States in relation to attestation of foreign
records. The material vital question is, was the service
regular and in conformity with the statute? We say it

was    The record shows it was.    1 R. S., sec. 2029.    This being true, and the court having jurisdiction of the defendants, jurisdiction of the subject-matter, the judgment is valid, and should stand.

ELLISON, J.—This is a proceeding to enforce a mechanic's lien; defendant Hillyer being the owner of the property and purchaser of the material in the account. The other defendants are alleged to claim an interest in the property sought to be charged with the lien.    The petition alleges Hillyer to be a non-resident.    No affidavit was filed with the petition, or afterwards, but a writ of summons was issued and served upon him in the state of Kansas by a sheriff of that state.    Upon this a personal judgment was rendered against him.

I.    It is objected that the court erred in ruling that there should be a trial by jury.    This we consider not tenable.

II.    The next, and only, objection which we care to notice, is that there was no legal service on defendant Hillyer.    Section 2022, Revised Statutes, 1889, provides for order of publication and authorizes such order without affidavit, when the petition, as in this case, alleges non-residence.    Section 2028 provides for the publication of such order.    Section 2029, the construction of which is involved here, provides that:    "In any of the cases mentioned in section 2022, the plaintiff may cause a copy of the petition, with a copy of the summons, to be delivered to each defendant residing or being without this state, and at any place within the United States or their territories, twenty days before the commencement of the term at which such defendant or defendants are required to appear ; and, if the defendant shall refuse to receive such copy of the petition and summons, the offer of the officer to deliver to him the same, and such refusal, shall be as effectual service as though such copies were actually delivered to such defendant.    Such service may be made by any officer authorized by law to serve process within the state or

territory where such service is made, and shall be proved by the affidavit of such officer, stating the time and manner of such service, made before the clerk or judge of the court of which affiant is an officer. Such clerk or judge shall certify to the official character of the affiant, and to his authority to serve process within the state or territory where such service was made. When such certificate is made by a clerk or judge of a court of record, the same shall be attested by the seal of such court, and, when the same is made by a judge of a court not of record, the official character of such judge shall also be certified by the proper officer of the state, under his official seal. And any return of service, made and certified as above provided, shall be *prima facie* evidence of the facts stated in such return. If the plaintiff in any of the causes mentioned in section 2022 shall make the affidavit required by said section, and shall file in said cause proof of service of process, on any defendant or defendants, in conformity with the provisions of this section, it shall not be necessary for such plaintiff or plaintiffs to obtain the order provided in section 2022, or to procure the publication provided in section 2028. Service of process in conformity with this section shall be as effectual within the limits of this state as personal service within this state, and judgments rendered against defendants thus served shall have the same effect and force within the limits of this state as judgments rendered against defendants personally served with summons in this state.''

Our construction of this statute is that the affidavit mentioned in section 2022 is a prerequisite to a valid service. It is a well-recognized principle of law that ''the jurisdiction of state courts is limited by state lines.'' If process be served upon a party out of the state issuing such process, it is no more than knowledge brought home to the party in any other way. A judgment founded upon such process will not be recognized beyond the limits of the state where it is

Murdock v. Hillyer.

rendered, and such service, except it be so declared by the statute authorizing it, will not support a personal judgment which can be enforced even within the limits of the state where rendered. Freeman on Judgments, sec. 564, and authorities cited ; Story, Conflict of Laws, sec. 539. However, by the terms of our statute, above quoted, such service is made to authorize a personal judgment enforceable as such within the limits of this state. It is quite evident, without further remark, that such statute should meet with close compliance in order to justify such a judgment as is therein mentioned.

III. There is another fatal objection to the service made. The statute is that the officer in the foreign state making such service shall make affidavit thereto before the clerk or judge of the court of which he is an officer, and that his official character shall be certified to by such clerk or judge. In this case the affidavit was made before the deputy clerk, and he certifies to the official character of the affiant. This was not a compliance with the statute. The only authority which a deputy clerk in Kansas has to act for his principal is the law of Kansas ; but the power to act in the present case is derived from the law of Missouri which gave authority to the clerk in person and not the deputy. A like construction is put on the federal statute, concerning certificates to judgments, of one state which are to receive full faith and credit in all other states. Greenleaf, Ev., sec. 506 ; *Morris v. Patchier*, 24 N. Y. 394 ; *Stephenson v. Baumster*, 3 Bibb, 369 ; *Kansas Pacific Ry. Co. v. Cutter*, 19 Kansas, 83. In *Flight v. Noyes*, 27 Kansas, 351, under a statute similar to ours, a writ was sent into Missouri for service by the sheriff of Buchanan county. Service was made by the deputy, and it was held not to comply with the law. Our conclusion is that the process against Hillyer, and the service thereof, are each void, and that no personal judgment should have been rendered against him. And

since there was no order of publication, no judgment of any kind can be taken against him or his interests, if he has any.

IV. Hillyer was not only the owner of the property but the contractor for the material. It is necessary, therefore, that there should be a judgment for the debt personally against him if he be served with process, or against the property if he be served by publication. *Steinman v. Strimple,* 29 Mo. App. 478 ; *Wibbing v. Powers,* 25 Mo. 599.

There must necessarily be an adjudication of the debt for which the lien is claimed before there can be an enforcement of the lien. And such adjudication can only be had when the debtor is in court either by personal service, publication or voluntary appearance.

It follows that the judgment should be reversed and the cause remanded. All concur.