KINCAID & BRO. v. MRS. M. S. FROG, *formerly Mrs. M. S. Fouts, et al.*

1. SUMMONS — *Service Outside of the State.* The statute does not authorize the personal service of a summons outside of the state by any officer except the sheriff of the county where the service may be made. Service so made by a deputy sheriff is unauthorized and void.

2. ATTACHMENT — *When Lien Fails — Conveyance.* When an action is commenced by filing a petition and an affidavit for attachment, and a summons is issued, and an order of attachment is obtained and levied upon land, but no service of the summons is had within 60 days from the filing of the petition, the attachment falls, and the land so attached may be conveyed free from any lien on account of such attachment.

*Error from Linn District Court.*

THE opinion states the case.

*W. R. Biddle,* for plaintiff in error:

Did the plaintiffs obtain a valid attachment upon the property before the interpleader got his deed? The record shows that Mrs. Frog was served with process on May 19, 1888. This gave her knowledge of the pendency of the suit. She was then living in Carroll county, Arkansas. The interpleader was living in Kingman county, Kansas. She executed a deed dated June 6, 1888, acknowledged June 9, 1888, and recorded June 13, 1888. The deed was made from sister to brother.

The claim of the interpleader is, that this service was not properly made because made by a deputy sheriff, and because there was no affidavit to his return. If this were conceded, the concession would simply be a defective service. No motion was ever made to set aside the service. The defendant had full knowledge of the pendency of the suit before the 60 days expired, and within 30 days the interpleader took the deed for the property. He is presumed at that time to know of the pendency of this action, and that being true, the fact

that service by publication was not made until the following January does not help him any.

There was a valid, subsisting attachment upon the property at the time he took his deed; an attachment, too, that he was bound to take notice of. No one will question that, if service had been made on or before the 14th day of July, 1888, the attachment would have been good and valid. Now, while it might be true that if no service had been made by July 14, 1888, and the interpleader had obtained his deed after that time, he would have been protected and would have obtained a good title; but having obtained his deed at a time when he was bound to take notice of the record, and when the attachment was valid, no failure on the part of the plaintiff to obtain service within 60 days will avail him anything.

No appearance for defendant in error.

Opinion by STRANG, C.: May 14, 1888, the plaintiffs commenced suit in the district court of Linn county, against Mrs. M. S. Frog, formerly Mrs. M. S. Fouts, on a promissory note. At the commencement of the action, Mrs. Frog was a resident of Carroll county, Arkansas. The plaintiffs procured an attachment to issue, which was, on the 15th of May, 1888, levied upon a tract of land then the property of said defendant. The summons was served upon Mrs. Frog on the 19th day of said month, in Carroll county, Arkansas, by a deputy sheriff of that county. No other service was had until January 3, 1889, when service by publication was had. June 5, 1889, judgment was had by the plaintiffs against Mrs. Frog, for the amount of her note sued on, and the attachment proceedings were affirmed. On the same day, the defendant Roberson filed an interplea in the case, setting up title to the land attached, based on a deed from the other defendant to himself, acknowledged June 9, 1888, and recorded the 13th of the same month. The issue between the plaintiffs and this defendant was tried in September, 1889, resulting in judgment for Roberson, setting aside the attachment and affirming his title to the land. The question is, Did the plaintiffs have a valid lien

upon the land by their attachment at the time the interpleader obtained his deed? We think this question must be answered in the negative. The service obtained on the defendant Frog in Arkansas was void. It was not made by the officer authorized by our statute to make such service. (Gen. Stat. 1889, ¶ 4159.) "In all cases where service may be made by publication, personal service of summons may be made out of the state by the sheriff of the county in which such service may be made." (*Flint v. Noyes*, 27 Kas. 353.) The statute authorizes the summons to be served out of the state by the sheriff, and names no other person, and the service cannot be made by a deputy or any other person acting as a substitute for him. The statute also requires the service to be proved, or verified by affidavit, which was not done in this case.

Plaintiffs in error contend that the attachment was valid at the time the defendant Roberson obtained his deed, because the 60 days within which service might have been had had not yet expired, and that the subsequent failure of the plaintiffs to obtain service within 60 days could avail him nothing. If the plaintiffs had followed up the commencement of their action by obtaining service within 60 days therefrom, then the fact that the interpleader obtained title after the commencement of such action, and before service, would have availed him nothing; but when the plaintiffs failed to obtain service within 60 days from the commencement of their action, the whole proceeding, including the attachment, failed. There was nothing, therefore, to prevent the interpleader from taking the land freed from any lien on account of such attachment.

. Counsel for plaintiffs in error says: "The only defect, if any, in the service of the summons, is in the return of the officer." In this we think counsel is mistaken. The difficulty with the service of the summons is, that it was served by one who had no power to serve it, and it stands, therefore, as though no service had been had. Service by one who has no power to make it is a void service; and where such service is the only service had within the proper period under

the statute, the action fails. The subsequent service by publication could not affect the interpleader whose title was obtained prior thereto.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.