PHILIPS, District Judge.
The case has been submitted to the court upon the motion to dismiss the suit. The action was instituted in the state court of Phelps county, and, on petition of defendant, was removed into this court. In the state court, and prior to the petition for removal, the defendant appeared specially, for the purpose of the motion only, and moved the court to dismiss the suit, for the reason—First, that the court had no jurisdiction of the person of the defendant; second, for the reason that there was no proper service of summons made on the defendant; and, third, for the reason that the defendant, at the time of the institution of the suit, was a nonresident of the state, and attempt was made to bring him in by substituted service by personal summons made upon him in the state of Pennsylvania, and that, the suit being in effect a proceed-' ing in personam, and not in rem, it was not within the provisions of the statute authorizing such substituted service.
The attempted service of summons on defendant in the state of Pennsylvania is clearly bad, for the reasons that process in that state was not served upon the defendant in person, as required by *743 ection 2022, Rev. St. Mo. 1889; and, second, because the affidavit oí uch service made by the sheriff was not made before the clerk of e court, as required by the statute, but was made before a deputy, Murdock v. Hillyer, 45 Mo. App. 287. No such substituted service of process was authorized in this case, for the reason that it neither appears by the petition nor in any affidavit thereto that the defendant was a nonresident of the state, or out of the jurisdiction of the state circuit court, where the suit was instituted.
After the removal of the cause into this court, the case must proceed just as this court finds it when it is removed from the state court. Tallman v. Railroad Co., 45 Fed. 156. Nor is it apparent that on the petition, as it stands, this court could have any jurisdiction to afford the relief sought therein. To give the state court jurisdiction to proceed against the nonresident defendant upon substituted service, without the appearance of the defendant to the merits of the suit, the proceeding must be one essentially in rem. It may be conceded to the plaintiffs that in view of sections 2225-2227, Rev. St. Mo. 1889, an action for specific performance of a contract for the sale and conveyance of real estate may be so maintained, under the state statute, as a judgment therein may be enforced by directing the conveyance of the property, without requiring of the defendant the performance of any personal act. But for this statute, a suit for specific performance would partake essentially of the nature of a proceeding in personam. Olney v. Eaton, 66 Mo. 563-567; Bennett v. Fenton, 41 Fed. 283. What is the nature and object of this suit? It is predicated on a contract for the sale and purchase of real estate. By the terms of the contract, the defendant was to furnish to the plaintiffs a complete abstract of the title, and to convey to them a perfect title to the land. While the petition in this case is somewhat ambiguous, the gravamen of the complaint is that the deed to the land tendered by the defendant to the plaintiffs was imperfect in its title; that it did not describe the proper land; that the defendant has failed to furnish the abstract as provided in the contract; and that the plaintiffs were damaged in the sum of $1,000 by reason of having held in readiness the sum of $10,000 to be paid to the defendant upon his compliance with the contract; and the prayer of the petition is that defendant be decreed “to perfect title to said lands, and furnish an abstract, according to said contract, and to convey, by good and proper warranty deed, the said premises to plaintiffs, and that he pay plaintiffs damages in the sum of one thousand dollars, for the loss of the use of the purchase money of ten thousand dollars from the 24th day of January, 1896.” It cannot be controverted that a decree or order of court directing the defendant to perfect title to the land, and to furnish an abstract of title thereto, as also an award of damages, as prayed for, would have to be executed personally against the defendant; and, while a decree of conveyance of title could be executed in rem, it is apparent from the whole body of the petition and the prayer thereof that plaintiffs do not seek to have this done except upon the condition that defendant first furnish the required abstract, and perfect his title to the land.
*744 I have considered the question as to whether the bill does not coni tain sufficient facts to authorize the court to grant leave to the plain-1 tiffs to file in this court an amended bill, averring sufficient title ini defendant to compel him to execute the contract, or aver that plain-1 tiffs are willing to accept such title as defendant has, in fulfillment! of the contract, and pray for a specific performance, eliminating from! the bill the averments and prayer respecting the failure to furnish! the promised abstract, and the requirement that the defendant per-| feet his title, and also the prayer for damages. But the court is confronted with the legal difficulty that the state court from which thisj cause was removed had neither acquired jurisdiction over the defendant nor had it jurisdiction over the subject-matter of the relief | prayed for in the bill, as against a nonresident defendant not appearing to the merits of the action. On the removal to this jurisdiction, j the court must take the case precisely in the condition it was when | the order of removal was made. The bill amended as above suggested would be res nova. The only way the defendant could be called | into this court would be under the provisions of section 8, p. 176, 1 Supp. Bev. St. U. S., which applies to a suit “commenced in any | circuit court of the United States.” This would be, at best, an experimental and very questionable proceeding. It were better for plaintiffs to go out of court, and begin anew. As against this defendant, they should elect as to what remedy they will pursue. On the breach of such a contract, the vendee may elect to take the title the defendant has, and demand a specific performance, and pray for the conveyance; or he can sue at law for damages as for breach of contract. If the vendor has sufficient or any acceptable title to the vendee, where is the necessity for demanding of the vendor, through the court, a delivery of a completed abstract? It would be a novel procedure for a court of equity to decree that the vendor should deliver such an abstract. If the vendee, by the contract, be entitled to the abstract, it is equally accessible to him, and he could have one made, and sue the vendor for damages.
The contention of plaintiffs’ counsel that the appearance of defendant in the state court, for the purpose of removing the cause into this court, is an appearance to the merits of the case, is not tenable. The motion to dismiss, filed in the state court by defendant, expressly stated that it was an appearance only for the purposes of said motion; and it was also expressly stated in the petition for removal that defendant appeared specially and solely for the purposes of such removal. This brings the case within the decision of the supreme court in G-oldey v. Morning News, 156 U. S. 518, 15 Sup. Ot. 559, and was not an appearance to the merits. It results that the motion to dismiss is sustained.