## ADAMS et al. v. HECKSCHER.

(Circuit Court, W. D. Missouri, C. D. November 3, 1897.)

1. PROCESS—SERVICE BY PUBLICATION—ACTION IN PERSONAM.

The statute of Missouri (Rev. St. § 2022) providing for bringing parties into court on orders of publication "in * * * all actions at law, or in equity, which have for their immediate object the enforcement or establishment of any lawful right, claim or demand to or against any real or personal property within the jurisdiction of the court," does not apply to a suit by a vendee to enforce the performance of a contract of purchase and sale of real property, if, instead of demanding, and offering to accept, such title as the defendant may have, he demands as conditions precedent to a decree passing the title, that defendant be required to furnish him, as agreed, with an abstract showing a perfect title, and to pay him money damages resulting from the delay in performing the contract.

2. SAME—FORM OF ORDER.

Even if the statute applied at all to an action thus restricted, its requirement that the order shall state briefly the "object and general nature" of the petition would not be satisfied by stating that it is "to obtain judgment for specific performance of a contract to convey" specified lands.

Thomas M. Jones, for plaintiffs.
Noble, Shields & Harrison, for defendant.

PHILIPS, District Judge. This suit has been removed from the state circuit court of Phelps county, Mo., to this court, on the petition of the defendant, who is a nonresident of the state. The defendant appeared for the purposes only of such removal, and of the motion hereinafter mentioned. The motion is to dismiss the petition for the reasons that the court has no jurisdiction of the person of the defendant, nor has it jurisdiction of the res, within the contemplation of section 2022 of the Revised Statutes of Missouri, and because no service, as required by law, was made upon the defendant to give the court jurisdiction. This case was removed to this court once before on the petition of the defendant, and the motion to dismiss was therein sustained for the reasons assigned in the opinion of the court filed therein. 80 Fed. 742. The principal difference between that case and this consists in the manner of service by substituted process. In the former case, service was attempted to be made upon the nonresident defendant by delivering to him a copy of the petition and writ by an

officer of the state of the defendant's residence.    As the statute in that respect was not observed, the service was held to be bad.    The court, in considering the question as to whether proper service could be had after the removal of the case from the state court by following the provisions of the federal statute respecting the mode of service against nonresident defendants, discussed the character and nature of that suit, and reached the conclusion that the proceeding was not one in rem, but was, in its essence, an effort to obtain a decree or judgment in personam against the defendant, and therefore service on the defendant, as a nonresident party, by substitution, would not obtain. The present suit in fact seems to have been instituted again in the same state court before the motion to dismiss in the former case was sustained.    And the petition in the present case is in all essential particulars the same as in the former suit.    An analysis of the petition, and a consideration of its entire allegations, enforce the conclusion that it is, in legal effect, nothing more than a proceeding in personam. Section 2022 of the Revised Statutes of Missouri provides for bringing parties into court on orders of publication:

"In suits in partition, divorce, attachment, in suits for the foreclosure of mortgages and deeds of trust, and for the enforcement of mechanics' liens, and all other liens against either real or personal property, and in all actions at law or in equity, which have for their immediate object the enforcement or establishment of any lawful right, claim or demand to or against any real or personal property within the jurisdiction of the court."

A suit for specific performance of a contract for the conveyance of real estate, where the decree of court may operate in rem, and transfer the title of the property from the defendant to the complainant, under sections 2225–2227, Rev. St. Mo., could be prosecuted upon service by publication.    But, to give the court jurisdiction so to proceed, the "immediate object" of the suit must be the enforcement of the right to the real estate.    It must be for that, and that alone.    Is such the object and purport of this suit?    The petition, after setting out the written contract between the parties, specifying the stipulations of the parties respecting the sale and purchase of certain real estate, which provided that the defendant should furnish to the complainants an abstract of title showing such title in the complainants, and for making a good and sufficient deed, with special warranty of title, alleges, as the gravamen of the complaint, that the "defendant has failed and refused to furnish the abstract showing perfect title to said body of land in defendant; that said defendant has failed and refused to perfect the title to the tracts of land included in said body of land hereinbefore described, the title to which was defective, as shown by the abstract furnished by the defendant to plaintiffs, and has failed and refused to make plaintiffs a deed and furnish an abstract as provided in the contract aforesaid."    Then, after averring defendant's notification to plaintiffs that it would furnish no other abstract nor make any other deed than the one tendered, the petition further avers that the defendant "does refuse to perfect the title to said lands, and to make, execute, and deliver to plaintiffs a deed correctly describing said body of lands, and that said defendant from thenceforth and now has and does refuse to furnish an abstract of title as provided in

said contract as aforesaid." The petition then proceeds to allege that plaintiffs had been ready and willing to pay the sum of $10,000, as a first payment called for by the contract, upon defendant's compliance with the contract on his part, and that, on account of the retention and holding of this sum of money in readiness to make said payment, plaintiffs have been damaged "by the loss of the use of said money in the sum of $1,000." The prayer of the petition then is for "a decree that defendant be directed to perfect the title to said lands, and furnish abstracts according to said contract hereinbefore set out, and to convey by good and proper special warranty deed said premises, and that it pay to plaintiffs damages in the sum of $1,000 for the loss of the use of the purchase money of $10,000 from the 24th day of January, 1896," and for proper relief.

As stated in the former opinion in this case, it is quite apparent from the whole averments and trend of the petition that the complainants do not ask for, nor propose to take, such title as the defendant may have to the land, nor to perform the contract on their part without the defendant first complying with the contract, by presenting an acceptable abstract of title, and showing a perfect title in the defendant. As stated in the former opinion herein, had plaintiffs offered to take, without more, such title as the defendant had to the land, and asked for a decree compelling him to convey to plaintiffs such title, it would have been such a proceeding in rem as to give the court jurisdiction of the subject-matter by substituted service. But the relief sought by the petition is necessarily a proceeding in personam. A decree requiring the defendant to comply with its contract by furnishing the plaintiffs with the required abstract of title could only operate upon the person of the defendant. Likewise, the judgment for $1,000 damages asked for would be essentially a decree or judgment in personam. And as the plaintiffs do not ask for a decree passing the title to the land, except upon such precedent conditions, this court cannot reach that point in its decree until it has afforded the other relief asked for by the plaintiffs, which relief must operate upon the person of the defendant. And as the court has not jurisdiction over the person of the defendant, he being a nonresident, and not having appeared to the merits, how can it proceed to afford the plaintiffs the relief they seek?

It is, furthermore, very questionable whether the order of publication in this case is sufficient to authorize the court to proceed to a decree under this petition. Said section 2022 provides that the "clerk shall make an order directed to the non-residents or absentees, notifying them of the commencement of the suit, and stating briefly the object and general nature of the petition." The order of publication made in this case merely stated that "the general nature and object of which [the suit] is to obtain judgment for specific performance of contract to convey about 13,500 acres of land known as the 'Knotwell Furnace Lands.'" Does this state the general nature and object of this suit? Had the notice of publication followed the general nature and object of the petition, it would have stated that it was to compel the defendant to deliver to plaintiffs a complete abstract of title to the land, showing title in the defendant thereto, and, furthermore, to

obtain judgment for damages for the sum of $1,000, consequent upon the failure of the defendant to comply with its contract, and then to compel the defendant to convey, by good and proper special warranty deed, the title shown by the abstract. In other words, had the order of publication complied with the statute, the nonresident defendant might very well have refrained from appearing to such action at all, as no operative judgment could have been rendered against him on such notice, as it would have disclosed the fact that the proceeding was in personam, and a decree for the conveyance of the land could not have been rendered to the satisfaction of the plaintiffs, except under the precedent condition of the court compelling the defendant to make a satisfactory abstract showing title to the premises. Any decree the court might render could not be broader than the general nature and object of the suit stated in the order of publication. The motion to dismiss must therefore be sustained.