C. M. WELLSFORD v. CHARLES DURST, JOHN DURST, AND F. M. LOGEMAN, *Partners as Durst & Logeman, et al.*

**No. 477.***

LIS PENDENS—*Defective Summons and Service—Attachment.* Where a petition is filed and an attachment duly issued and levied on the interest of the defendant in real estate, and the only service attempted to be made on the defendant, a non-resident, within sixty days of the filing of the petition, was vacated and set aside by the court, said proceedings do not charge third persons with notice of the pendency of said action.

Error from Atchison district court; W. D. WEBB, judge.   Opinion filed December 15, 1898.   Modified.

*Jackson & Jackson,* for plaintiff in error.

*S. K. Woodworth,* and *W. L. Bailey,* for defendants in error.

The opinion of the court was delivered by

WELLS, J.: On June 8, 1893, the defendants in error, Durst & Logeman, began an action in the district court of Atchison county against Alfred P. Beckman for the recovery of $100.80 debt and interest, and an attachment was on the same day duly issued and levied on a part of a town lot in Atchison, the title to which was at that time in litigation in the same court, in an action in which Susan Beckman was plaintiff and Alfred P. Beckman was defendant. In this last-mentioned action the property was afterward sold by proceedings in partition and the share of the proceeds thereof belonging to said Alfred P. Beckman was brought into court and held to await a final determination of the conflicting claims thereto.

* Petition for order to certify denied by supreme court February 11, 1899.—REP.

On June 10, 1893, a summons was issued in this case, addressed to the sheriff of Logan county, Oklahoma, and was served on Alfred P. Beckman on June 19, 1893, and returned to the court whence it issued on June 22, 1893. This service and summons were on December 16, 1893, vacated and set aside for the apparent reasons that it was directed to the sheriff of Logan county, Oklahoma, instead of to the defendant, as required by law, and was served by a copy instead of the original, and the defendant was allowed only fifty-nine instead of sixty days from the time of service in which to answer. Afterward said defendant was legally served by publication, the notice thereof being first published on January 1, 1894, and on May 15, 1894, judgment was duly rendered thereon for $146.35 with interest and costs in favor of said Durst & Logeman and against Alfred P. Beckman. On December 11, 1893, Alfred P. Beckman and wife deeded said lot to Simon Koffler, and on March 1, 1894, Simon Koffler mortgaged it to Byron R. Baker for $750. On August 20, 1894, Byron R. Baker assigned the Koffler mortgage to Lena Baker, and she, on December 10, 1894, assigned it to this plaintiff in error, C. M. Wellsford.

On these facts the court found as a conclusion of law that the Alfred P. Beckman interest in the lot had been assigned to C. M. Wellsford, subject to the attachment liens of Jackson & Jackson and of Durst & Logeman, and made its decree accordingly. To reverse this decree establishing the validity of the lien of Durst & Logeman, the case is brought to this court for review.

There is just one question in this case: Does a defective service of a defective summons, which is afterward set aside by the court, constitute a service

Wellsford v. Durst.

of summons as contemplated by section 81, chapter 95, General Statutes of 1897 (Gen. Stat. 1889, ¶ 4164), so as to charge third persons with notice of the pendency of the action?   It seems to us that the reasoning in the opinion in the case of *Insurance Co. v. Stoffels*, 48 Kan. 209, 29 Pac. 479, is exactly in point and conclusive of this question :

" The record shows the filing of a petition, the issuance and service of a summons on the 7th of May, 1888, between the same parties ; but it also shows that, on motion of the defendant company, the summons and the service thereof were set aside by the court, and, so far as this court knows, without any objection or exception on the part of the plaintiff below.   There having been no objection to the action of the court below in setting aside said summons and service, and no exception thereto and no appeal having been taken from the order of the court therein, the judgment of the court thus expressed settled the law of that case and the plaintiff in error cannot now question it.   After the summons and service thereof were set aside by the court below, there was nothing left in that court except the petition and precipe, and the case stood then as though there never had been anything done therein except to file a petition and precipe ; and it will not be pretended that the mere filing of a petition and precipe constitutes the commencement of an action."

In the case at bar there was an order of attachment issued and levied and there was an exception saved to the order setting aside the summons, but it was held in *Travis v. Supply Co.*, 42 Kan. 625, 22 Pac. 991, that an attachment of real estate does not bring the property itself into the custody of the law, and the fact that the defendant excepted to the finding of the court setting aside the summons, but took no proceedings to reverse the same, does not prevent that ruling from becoming the law of the case.   We are therefore of

the opinion that as regards the doctrine of *lis pendens*, when the summons and the service thereof were set aside, the case stood just the same as if the summons had never been issued or attempted to be served.

In *Kincaid v. Frog*, 49 Kan. 766, 31 Pac. 704, it was held that in attachment proceedings, where no service of summons is had within sixty days from the filing of the petition, the attachment falls and the land so attached may be conveyed free from any lien on account of such attachment. It therefore follows that the court below erred in its conclusions of law as to the validity of the attachment lien of the defendants in error, Durst & Logeman, and said court is directed to modify its conclusions of law hereinbefore found and to order the distribution of the funds in its hands after the payment of the lien of Jackson & Jackson to the plaintiff in error, C. M. Wellsford. The costs in this case are taxed to the defendants in error.