No. 20,987.

J. H. DETMER, *Appellant*, v. VIOLA SALINGER, *Appellee*.

No. 21,111.

VIOLA SALINGER, *Appellee*, v. J. H. DETMER, *Appellant*.

SYLLABUS BY THE COURT.

1. TWO MORTGAGES — *Priority of Liens — Not Changed by Affidavit.* Whether or not an affidavit sworn to but not acknowledged before a notary public, that a certain mortgage was intended to be a first lien and be recorded before instead of after another, was recordable under the statute (Gen. Stat. 1915, § 2068), such affidavit could not, as to a stranger, change the priority of the liens of such mortgages already fixed by the times of their filing for record.

2. MORTGAGE BY CORPORATION—*Executed by Officers of Corporation as Individuals—Not a Recordable Mortgage.* A mortgage executed by the president and secretary of a corporation, with the corporate seal attached, was acknowledged by such persons only, the certificate reciting that there came before the notary "Frank N. Johnson and C. B. Striegel of the Oakwood Drug Co., who are personally known to me to be the same persons who executed the within instrument of writing and such persons duly acknowledged the execution of the same." *Held,* that

such mortgage was not properly recordable and its filing did not have the effect to impair the lien of the prior recorded mortgage.

3. MORTGAGE FORECLOSURE—*Service by Publication—Affidavit—Recitals in Decree of Foreclosure.* While evidence was introduced which seemed to show that there was no affidavit for publication filed in the suit to foreclose the mortgage, the court found and it was recited in the decree that service of summons was duly and regularly made by publication as provided by law. *Held,* that such decree could not be set aside for such seeming lack of an affidavit.

4. SAME—*Summons Served in Another State by Deputy Sheriff—Sworn to Before Notary Public.* The summons was served by the deputy sheriff of Jackson county, Missouri, and the return was properly made, but was sworn to before a notary public of that county, and not before a clerk of a court of record or a commissioner appointed by the governor of this state. (Civ. Code, § 82.) *Held,* that in view of the pleadings and the facts and circumstances shown, such decree should not be set aside because such return was not sworn to before the proper officer.

Appeals from Sherman district court; CHARLES I. SPARKS, judge. Opinion filed November 10, 1917. Affirmed.

*E. F. Murphy,* of Goodland, for the appellant.

*Benjamin F. Endres,* of Leavenworth, and *John Hartzler,* of Goodland, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant appeals from adverse decrees touching the foreclosure of certain mortgages. The facts of these cases present a comedy of errors. William Thompson owned in fee simple the land in controversy. The Oakwood Drug Company was chartered under the laws of Missouri "for the purpose of carrying on a general retail drug business in Kansas City, Missouri," and to that end owning and conducting retail drug stores in different parts of Kansas City, Mo., for profit. Whether or not it had any legal authority to deal in real estate, it did on October 25, 1909, purchase of T. V. Lowe the land involved herein for $6,100 cash, executing to Thompson, who had agreed to sell to Lowe, a mortgage for $3,800, and another to Lowe for $1,300, each recorded on the 16th day of December, 1909, the one at 3:30 p. m., and the other at 9:20 a. m. The parties intended that the Thompson mortgage should be the first and prior lien. The certificate of the officer taking the acknowledgment, instead of reciting that

the Oakwood Drug Company or some one on its behalf acknowledged the execution of the instrument, recited that Frank N. Johnson and C. B. Striegel of the Oakwood Drug Company executed it and acknowledged such execution. On January 12, 1910, Lowe, the owner of the $1,300 mortgage, made an affidavit that the $3,800 mortgage was intended as a first mortgage and the other as a second, and that the recording of the latter first was a mistake and that the larger one should have been filed for record first. To this was attached an ordinary jurat by a notary public but no formal acknowledgment. Thompson sold and assigned his mortgage to the plaintiff Detmer, and the defendant Salinger by assignment became the owner and holder of the Lowe mortgage. On January 22, 1913, she began an action against the Oakwood Drug Company alone, praying foreclosure of her mortgage, and on July 1, 1913, took a decree of foreclosure, and thereafter the real estate was sold and the property bought in by her and the sale confirmed. After the expiration of the redemption period a deed was executed and delivered to her. Thereafter the plaintiff filed his petition in the cause, alleging that no service had ever been made therein, setting up his own mortgage and its priority and praying that the decree of foreclosure be set aside, that he be made a party defendant and have judgment for the amount due on his claim, and that it be declared a first lien. The court found that at the time of her purchase of the note and mortgage the plaintiff did not know that any other mortgage existed against the land therein described and that none of her prior assignors had any notice or knowledge that a prior mortgage existed before the issuance of the sheriff's deed to her. The court concluded as matters of law that the certificate of the notary taking the acknowledgment appearing on the Thompson mortgage failed to comply with the requirement of the law and was void, and there being no other proof of its execution, it was not properly receivable in evidence and therefore its admission was denied, and that not being entitled to record and the defendant and her prior assignors having no actual notice of it, her rights were not affected by it.

The plaintiff in case No. 20,987, the holder of the $3,800 mortgage introduced evidence for the purpose of showing

that the plaintiff in case No. 21,111 had never made service on
the drug company. It seemed from this evidence that no publi-
cation service had been made in any newspaper in the county.
It was also testified that Johnson, the president of the com-
pany, and Striegel, secretary, signed the mortgage. It appears
that in case No. 21,111 a summons was issued by the clerk of
the district court, directed to the sheriff of Jackson county,
Missouri, commanding him to notify J. N. Johnson, president
of the Oakwood Drug Company, in Kansas City, Mo., that he
had been sued and must answer the petition on or before the
day named or it would be taken as true. The only return on
this summons was as follows:

"State of Missouri, Jackson county, ss.:

"Received this writ this 15th day of April, at 9 a. m. o'clock; executed
the same in Jackson county, Missouri, on the 22d day of April, A. D. 1913,
by delivering a copy of the within writ, duly certified with the endorse-
ments thereon in the within entitled cause as furnished to me by the clerk
of the district court of Sherman county, Kansas, duly certified by the
district clerk of said court, to F. N. Johnson, president and chief officer
of the within named defendant corporation, personally.

EDWARD WINSTANLEY,<br>
<i>Sheriff of Jackson county, Missouri.</i><br>
By GORDON WALLACE, <i>Deputy.</i>

"<i>State of Missouri, Jackson county, ss.:</i>

"I the undersigned, do solemnly swear that the times and manner of
service of the within alias summons as stated in the annexed is true, so
help me God.                    GORDON WALLACE.

"Subscribed in my presence and sworn to before me this 28th day of
April, A. D. 1913.                    R. PEARL SHARP,

          (Seal.)          <i>Notary Public, Jackson county, Missouri.</i>
     "My commission expires October 25, 1914."

Detmer contends that the Salinger decree was void because
without service, so that the court had no jurisdiction, and that
it could be vacated at any time on motion of any person affected
thereby. He also contends that the decree described the wrong
land; that the Lowe affidavit was properly recorded under sec-
tion 2068 of the General Statutes of 1915, which provides that
every instrument in writing that conveys real estate or
whereby any real estate may be affected, proved, or acknowl-
edged, and certified as therein before described, may be re-
corded, and that the jurat in this case amounted to a sufficient
acknowledgment. Mrs. Salinger argues that as the drug com-

pany does not complain of the service in the suit brought by her, and that as the plaintiff was not a party thereto, he is not prejudiced thereby; that the mere fact that the affidavit of service was made before a notary public instead of a clerk of a court of record or some commissioner appointed by the governor of this state, does not render the service void; that the real questions decided were the exclusion of the Thompson mortgage and the effect of the Lowe affidavit; and that the former was improperly acknowledged and the latter improperly filed for record.

The affidavit, even if it had been acknowledged in the form and manner proper for a deed (Gen. Stat. 1915, § 2060), could not change the effect of the record already made of the two mortgages or the priority fixed by the actual order of their registration.

The Thompson mortgage was not executed and acknowledged as required by statute (Gen. Stat. 1915, § 2159), and it was not error to hold the instrument unentitled to registration or admission in evidence as against the Salinger mortgage.

The decree of foreclosure in the Salinger case recited that service of summons had been duly and regularly made by publication as provided by law, and this cures the seeming lack of an affidavit, indicated by the testimony of the newspaper publishers and court officers concerning such affidavit. (*Bank v. Telephone Co.,* 88 Kan. 287, 296, syl. ¶ 3, 128 Pac. 357.)

It appears, therefore, that neither the Lowe affidavit nor the Thompson mortgage was sufficient to preclude the plaintiff, Salinger, from foreclosing. Hence, unless the failure of the Missouri deputy sheriff to swear to his return before a clerk of a court of record or other officer holding a seal thereof, or before some commissioner appointed by the governor of this state as required by section 82 of the code of civil procedure (Gen. Stat. 1915, § 6973), renders such proof of service void, the refusal to set aside the decree was not error.

When the code authorized the service to be made by the sheriff only, it was twice held that service by his deputy was void. (*Flint v. Noyes,* 27 Kan. 351; *Kincaid v. Frog,* 49 Kan. 766, 31 Pac. 704.) In *K. P. Rly. Co. v. Cutter,* 19 Kan. 83, the attestation of a foreign record was made by a deputy

45—101 Kan.

clerk instead of the clerk of the probate court of Arapahoe county, Colorado, and his authority and the form of his attestation were certified by the probate judge. Of the section of the federal statute involved, it was said:

"That section however authorizes attestation by the clerk, and names no other person. And it seems to be settled that this of itself grants no authority to a deputy clerk." (p. 86.)

*Morris v. Patchin,* 24 N. Y. 394, was cited to the effect that as the authority of the attesting officer came from the federal and not from the state statute, the certificate of the judge as to the authority of any person other than the clerk was of no more force than would be a like certificate as to the effect of the judgment. In *Flint v. Noyes,* supra, it was said:

"In this case the sheriff of Buchanan county did not make service of the summons; therefore the statute was not complied with, and the defendant was not served at the time of judgment with the process of the court as prescribed by law. The deputy sheriff of Buchanan county had no more authority to make service than any other person acting as a substitute for the sheriff." (p. 353.)

The Missouri court of appeals in *Murdock v. Hillyer,* 45 Mo. App. 287, held that the affidavit of service under the Missouri statute must be made before the clerk of the designated court and not before his deputy. The language of the statute there under consideration was as follows:

"Such service may be made by any officer authorized by law to serve process within the state or territory where such service is made, and shall be proved by the affidavit of such officer, stating the time and manner of such service, made before the clerk or judge of the court of which affiant is an officer." (p. 290.)

It was said that the only authority the deputy clerk in Kansas had to act for his principal was the law of Kansas, but that the power to act was derived from the law of Missouri, which gave authority to the clerk and not to the deputy.

Section 6741 of the General Statutes of 1915 provides:

"The governor may appoint in each of the United States and territories and in the District of Columbia, and in foreign countries one or more commissioners, to continue in office during the pleasure of the governor for the time being; and every such commissioner shall have power to administer oaths, and to take depositions and affidavits to be used in this state, and also to take the acknowledgments of deeds, powers of attorney or other instruments to be recorded in this state."

Detmer v. Salinger.

In his petition Mr. Detmer sought to foreclose his mortgage as a first lien, alleging that whatever interest Mrs. Salinger had was junior and inferior to his. In his amended reply he alleged that any deed she might have obtained as a result of the foreclosure suit was void and voidable as to his interest—

"For the reason that same is based on a second lien subject to the first mortgage lien of plaintiff without notice to plaintiff, the grantee in the mortgage sued on, or his assignee, over whom, or either of whom the court had no jurisdiction whatever and none of whom were parties to the suit of the defendant Viola Salinger, against said Oakwood Drug Company."

It will be observed that up to this point there is nothing in the pleadings indicated any reliance upon the insufficiency of the return. In his amended motion to set aside the decree it was alleged, among other things, that no service of summons in any form was made or attempted upon the defendant, that no personal service was ever made or attempted within the state of Kansas, that no service of summons by publication was ever made or attempted to be made, and—

"Fifth. That the only service of summons upon the defendant in this cause ever made or attempted to be made was served upon one Frank Johnson only, and that said service so made, was made in the state of Missouri, and not within the state of Kansas.

"Sixth. That the said summons so issued in this cause and from this court, and served on the said Frank Johnson, was so issued without warrant at law, and without any affidavit for service on the defendant by publication having been filed in this cause.

"Seventh. That the alleged service of summons upon the said Frank Johnson, or upon the defendant, The Oakwood Drug Company, was made or attempted to be made in the state of Missouri, has never been served, nor the alleged service thereof proved and authenticated as required by the statutes of the state of Kansas."

Notwithstanding this amendment, the trial court adhered to the decree theretofore rendered, which recites:

"The plaintiff shows to the court, and the court finds, that service of summons has been duly and regularly made upon said defendants, by publication, as provided by law."

The evidence, save that touching the affidavit for publication, is not brought up and we are not advised as to the evidence on which this recital was based. But at any rate the trial court so found, the land went to sale, the redemption

period expired, a sheriff's deed was executed and delivered to Mrs. Salinger, and under the statute it was of itself sufficient evidence of the legality of the sale and of the proceedings therein until the contrary should be proved, and vested in the purchaser as good and perfect an estate in the premises as was vested in the persons against whom the execution was issued. (Gen. Stat. 1915, § 7406; *Knox v. Doty*, 81 Kan. 138, 143, 105 Pac. 437; *Bank v. Carter*, 81 Kan. 694, 696, 107 Pac. 234.)

It is clear beyond question that service was actually made by the proper officer and the return was properly made, the trouble being that it was sworn to before a notary public with power to administer oaths and take depositions instead of a commissioner with such power. In view of sections 141 and 581 of the code of civil procedure, requiring all defects in pleadings or proceedings which did not affect the substantial rights of the adverse party to be disregarded and expressly forbidding the reversal of any judgment or order by reason of such defect, and the long line of decisions in accord therewith (*Hamilton v. Railway Co.*, 95 Kan. 353, 358, 148 Pac. 648, and cases cited), it would seem like a refinement of technicality, disobedience of the legislative mandate, and a departure from our own settled rule, to hold the Salinger decree absolutely void.

The other points pressed are without merit and the judgment is affirmed.