UTICA,<br>October, 1822.

BARRIE<br>v.<br>DANA.

Judgment for the plaintiff, accordingly.

---

## BARRIE *against* DANA.

*J. A. SPENCER* moved to set aside the *capias ad satis-faciendum* in this cause, on the ground that the judgment-roll was not filed in the clerk's office, at the time the *ca. sa.* was issued. It was admitted, that the rule for judgment was duly entered, and the judgment-roll regularly signed before the *ca. sa.* issued; but the record was not filed until afterwards, though before notice of the present motion.

The judgment-roll or record must not only be *signed*, but actually filed with the clerk, before the plaintiff can take out execution.

*C. P. Kirkland*, contra, contended, 1. That there was no statute which required the judgment-roll to be actually filed before execution was issued.

2. That by the practice, as it existed at the time the statute relative to judgments and executions, was passed, an ex-

UTICA,
October, 1822.

BARRIE
v.
DANA.

ecution might be issued as soon as it was signed, and before it was *entered*, or, in other words, before the *roll* was actually filed. The *seventh* section of that statute declares, (1 *N. R. L.* 500. sess. 36. ch. 50.) That where any debt shall be re-covered, &c. it shall be lawful for the party in whose favour such judgment shall be given, to have an execution against the body, or the goods and chattels, lands and tenements, &c. By the *second* section of the same act, the Judge or officer *signing* any judgment, is required to set down the day and year of his signing upon the margin of the roll or record where the same judgment shall be *entered;* and the clerks of the Courts are required to mark on the back of every roll or judgment *filed*, the time of *filing* the same; and no judgment shall affect any lands, &c. but from the time of the actual filing of the roll or record of the judgments in their respective offices, after the same shall have been *signed* as aforesaid. Now, the judgment is perfect as soon as the judgment-roll is signed by the Judge or officer, in the manner prescribed by the act, so as to authorize the issuing of an execution against the *body* of the debtor; though his lands cannot be affected until the judgment is actually *filed* or docketted. It is expressly laid down in the *English* books of practice, that an execution may issue as soon as judgment is *signed*. (*Tidd's Pr.* 909. *Gilb. C. P.* 24. *Law of Executions*, 43. *Sheridan's Pr.* 299. *Barnes'* notes, 197.) *Tidd* (*Pr.* 843.) says, " the taxing of costs upon a *postea*, is considered as signing final judgment, after which execution may be immediately taken out against the defendant's person or goods; but in order to charge him in execution, or bind his lands, &c. or if a writ of error be brought, it is ne-cessary that the judgment should be *entered* of record, and docketted, and the judgment-roll carried to, and filed in the treasury of the Court." (1 *Crompton's Pr.* 336. 1 *Sellon's Pr.* 530, 531.) The *charging in execution* mentioned by *Tidd*, is a very different thing from issuing a *ca. sa.* To charge a defendant in execution, according to the *English* practice, a *committitur* must be entered on the roll; and to authorize the entry of such *committitur*, on record, a *com-mittitur-piece* must be filed with the clerk. (3 *Burr. Rep.* 1841. 1 *Crompt. Pr.* 377.)

SPENCER, Ch. J. It has been the established and invariable practice of this Court, for more than thirty years, to require the judgment-roll to be filed with the clerk, before issuing execution. It is, therefore, unnecessary to take notice of the practice of the *English* Courts. The motion to set aside the execution ought to be granted, on the defendant's stipulating not to bring an action for false imprisonment.

*Per totam Curiam.*

Rule accordingly.