MORRIS *et al.*, Administrators, *v.* PATCHIN.

The attestation of a judgment of a State court, in order to make it evidence in another State, under the act of Congress, must be signed by the clerk: the attestation of a deputy-clerk is insufficient.

Such a defect is not cured by the certificate of the presiding magistrate of the State court that the attestation is in due form, and authorized by the State law. It is immaterial that the attestation conforms to the law of the State: it must conform to the act of Congress.

In order to make the record of a judgment evidence, it must be signed by the officer authorized by law, and must have been filed in the proper office. Where the record itself fails to show these essentials to its validity, *it seems* that it is inadmissible to sustain process founded thereon, even though attested in the manner required by the act of Congress to authenticate a judgment.

APPEAL from the Supreme Court. The judgment involves only questions of evidence. On the trial, copies of several records of courts in the State of Ohio were offered in evidence certified to be copies in the name of the clerk by a deputy; the deputy signing the name of the clerk, with the addition of his title, adding, "By F. S. Smith, Deputy Clerk." The presiding judge of the court added his certificate that the individual named in the certificate as clerk was such clerk, and had the custody of the original record of the court, and that the person signing the certificate as deputy clerk was such

deputy "duly appointed and qualified, and authorized by the laws of the State of Ohio to certify as aforesaid, and that said attestation to said copy of said record is in due form of law."

Objection was taken that the copies were not attested by the clerk of the court as required by the act of Congress, and that an attestation by a deputy clerk did not entitle them to be read in evidence. This objection was overruled, and the record admitted. There was another question of evidence which is sufficiently stated in the following opinion. The plaintiff had a verdict and judgment, and it having been affirmed at general term, the defendant appealed to this court.

*Frederic E. Cornwell,* for the appellant.

*A. P. Laning,* for the respondents.

ALLEN, J. The act of Congress provides that "the records and judicial proceedings of the courts of any State shall be proved or admitted in any other court within the United States by the attestations of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice or presiding magistrate, as the case may be, that the said attestation is in due form." (Act of May 26, 1790, § 1; 1 Story Laws U. S., 93.) This act was passed pursuant to the Constitution, conferring the power upon Congress to prescribe the manner in which public acts, records and judicial proceedings of one State shall be proved in any other State and the effect to be given to them. (Const. U. S., art. 4, § 1.)

The act prescribes the persons by whom the records shall be attested, but the form of the attestation, and that alone, is not prescribed, but must conform to the usage of the State in which the record is and not to that of the United States or of the State in which it is to be used as evidence. The presiding judge can alone certify, and the record is not well proved by a certificate by any other judge of the same court, although of equal authority and rank within the State. It must appear by the certificate that the judge is not only "a" judge of the

court, but that he is "the chief judge or presiding magistrate," when there are more judges than one of the court from which the record emanates. (Cow. & Hill's Notes, p. 1131, note 771, and cases cited.) In *Stephens* v. *Bannister* (3 Bibb, 369), it was held that a record for the court of the district of Union, South Carolina, with the ordinary clerk's certificate under the seal of the court, certified to be in due form by two judges, one stating himself to be the judge "that presided, and one of the judges of the Supreme Court of law of said State," and the other stating himself to be the "senior judge of the court of law of said State," was not sufficiently authenticated.

So, too, the attestation is directed to be by the clerk, and not by any person acting as a substitute for the clerk, or possessing like power under the State laws. In making the certificate, which is made evidence under the act of Congress, the clerk derives his authority from the Federal and not from the State laws, and the certificate has vitality and effect, not by reason of the official character of the officer making it under the laws of the State, but in virtue of the act of Congress prescribing it as the mode of proof in this particular case. The certificate of the judge is as to the form of the attestation; that is, that, in the attestation the forms in use in the State from which the record comes have been observed. (*Ferguson* v. *Harwood*, 7 Cranch, 408; Conk. Treat., 2 Ed., p. 240.) It is made necessary, because the courts of one State cannot officially know the forms of another State. (*Smith* v. *Blagge*, 1 Johns. Ca., 239.) The certificate of the judge as prescribed by the act of Congress, is, that the attestation of the clerk is in due form, and he is not authorized to certify that the certificate of any other person is of equal validity with that of the clerk in the State when made. The form of the attestation is one thing, the person by whom it is made quite another; the certificate of the judge determines the sufficiency of the former, the statute alone declares the latter. Prof. Greenleaf lays down the rule that the clerk alone can certify under this statute, and that the certificate of his under-clerk in his absence is incompetent (1 Greenl. Ev., § 506); and to this he cites *Sampson* v. *Overton*

Morris *v.* Patchin.

(4 Bibb., 409). The certificate of the judge as to the authority of any person other than the clerk to make the certificate, is of no more force than would be a like certificate as to the effect of the judgment. Again, if a deputy clerk or other person could make the certificate by reason of the power conferred upon him by the State laws, and thus satisfy the act of Congress, such law should be proved as other facts are proved or as other laws are proved, and not by the certificate of the judge, which is not made evidence of any such fact. The records were not competent evidence and were improperly admitted.

Another objection to the records was, that they did not purport to have been signed by any judge of the court or by any other officer, and it did not appear that they had been filed in the proper office or in any office.

The third and tenth sections of the statute of Ohio, passed in 1853, and given in evidence, transfer the business from the Superior Court of Cleveland, to the Common Pleas of Cuyahoga county, and provided for a signing of the record of judgment by a judge of the Court of Common Pleas in all cases where a complete record thereof had been made in the Supreme Court, but not signed by a judge thereof, as well as when a cause had been disposed of in said court, of which a complete record had not been made. The cause or proceeding against the steamboat appears to have been disposed of by the Superior Court in 1852, but when the record thereof was made or filed does not appear. It is not signed either by a judge of the Superior Court or Court of Common Pleas. It would seem from the certificate of the clerk, to be one of that class of cases transferred to the Common Pleas, in which a complete record had been made, but which lacked the signature of the judge to make it perfect as a record of the judgment. The record of the other judgment is from the Court of Common Pleas and is not signed, and does not appear ever to have been filed, except as it is certified to have been copied from the record of the court. I infer that it is a record already made up, and only lacking the signature of the judge to make it perfect and

Morris *v.* Patchin.

entitle it to be filed as a judgment record, upon which final process may issue. It certainly should appear in some way that the records were records of judgment, valid as such, and that they were on file before the final process issued upon them, especially as to the judgment against the steamer, the return of the final process upon which unsatisfied is relied upon as a breach of the condition of the bond for the return of the vessel. A transcript of the proceedings or a history of the action does not become a record, until it has been signed by the officer designated by statute. The forms prescribed by law for evidencing and perpetuating the evidence of the judgment of the court must be pursued. (*Marvin* v. *Herrick*, 5 Wend., 109; *Barrie* v. *Dana*, 20 John., 307; *Butler* v. *Lewis*, C. P., 10 Wend., 541; *McDonald* v. *Bunn*, 3 Denio, 45; *Rex* v. *Smith*, 8 B. & C., 341; 1 Arch. Pr., 485, 9 Ed.) The papers were imperfect as records of judgment and should have been excluded. Not having been signed or filed as required by law, they did not authorize the issuing of executions founded thereon. (See cases cited before.) It is possible that because they had not been signed they had not been filed as judgment records, but were simply a part of the ordinary files of the court awaiting the signature of the judge. For these errors of the learned justice upon the trial, the judgment must be reversed.

All the judges concurring,

Judgment reversed, and a new trial ordered.