Priest v. Capitain.

---

JOHN G. PRIEST, Trustee, et al. v. RINGROSE J. CAPITAIN et al., Appellants.

Division One, July 12, 1911.

1. **SUMMONS: Without State: Proof in Manner Prescribed by Statute.** Where the statute prescribes a single method in which proof of the service of a summons shall be made, no other proof can be accepted. And the statute (Sec. 2029, R. S. 1889) relating to personal service upon defendants residing in another State, which says that "such service may be made by any officer authorized by law to serve process within the state or territory where such service is made, and shall be proved by the affidavit of such officer, stating the time and manner of such service, made before the clerk or judge of the court of which affiant is an officer," prescribes a single method of proof of service, and the proof can be made in no other way.

2. ——— ———: ———: **Necessary to Judgment: Jurisdiction.** The court cannot adjudicate the *res* until legal notice has been given to defendants; and it is without jurisdiction to proceed to adjudicate the subject-matter of the suit until due proof has been made that such legal notice was given, where the statute authorizes a substituted or constructive notice.

3. ———: ———: ———: **Amendment.** The court, after judgment on a defective return, or after an insufficient proof of service of summons by the officer of another State, cannot, after that officer has gone out of office, permit him, upon his application, to amend his proof of the service. Such officer is not an officer of the Missouri court. Where the law speaks of and permits amendments of returns of process, it means official returns, and not proof of service by the affidavit of an individual. The law only contemplates amendments by officers of the Missouri court. A sheriff in another State is only an individual to the Missouri court; he gives no bond in this State, and in serving in his own State process issuing out of a Missouri court he does not act under his official oath.

4. ———: ———: ———: ———: **By Officer.** An officer out of office may be permitted by the court to amend his return. But he must be an officer of the Missouri court. If he was sheriff in another State at the time he served the summons and has since gone out of office, he is not an officer of the Missouri court, but a mere individual, and cannot amend his proof of service.

5. ———: ———: ———: **Strict Construction.** The service which the statute authorizes an officer of another State to make is a substituted or constructive service; and, therefore, that part of the statute which directs how it shall be done and how the service shall be proved must be strictly construed, which means that it can be done in no other way.

6. ———: ———: ———: ———: **Definition.** By strict construction of a statute is meant a construction according to its letter—a construction which recognizes nothing that is not expressed, takes the language used in its exact and technical meaning, and admits no equitable considerations or implications.

7. ———: ———: ———: **By Deputy Clerk.** The statute says that the service by an officer of another State "shall be proved by the affidavit of such officer, made before the clerk or judge of the court of which affiant is an officer," and that statute must be strictly construed, and when so construed it means that the service can be proved before the judge or clerk, and no other officer. It cannot be proved before the clerk's deputy, thus, "T. H. Ward, Clerk of the Superior Court, by A. A. Bailey, deputy," even though the statute of the foreign State authorizes the appointment of a deputy clerk. The legal sufficiency of the proof of service depends not upon the statute of the foreign State, but upon the statute of this State. A judgment rendered against defendants upon a service or return proved before a deputy clerk is void.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

Reversed and remanded *(with directions)*.

*Robert & Robert, William F. McLaughlin,* and *William L. Becktold* for appellants.

(1) Where the officer serving the writ without the State of Missouri swears to it before anybody but the "clerk or judge of the court of which he is an

officer,'' the return is void. R. S. 1899, sec. 582; R. S. 1889, sec. 2029; Russell v. Grant, 122 Mo. 179; Murdock v. Hillyer, 45 Mo. App. 287; Adams v. Heckscher, 80 Fed. 742; Barber v. Morris, 37 Minn. 194; Harris v. Sargent, 37 Ore. 41; State v. Foreman, 121 Mo. App. 509. (2) Where a mode of securing jurisdiction differing from that of the common law is prescribed by the statute, nothing less than a rigid and exact compliance with the provisions of the statute will confer jurisdiction. Kelly v. Murdagh, 184 Mo. 377; Feurt v. Caster, 174 Mo. 289; Corrigan v. Schmidt, 126 Mo. 304; Harkness v. Cravens, 126 Mo. 233; Myers v. McRay, 114 Mo. 377; Charles v. Morrow, 99 Mo. 646; Quigley v. Bank, 80 Mo. 297; State ex rel. v. Staley, 76 Mo. 158; State ex rel. v. Horine, 63 Mo. App. 1; Tourville v. Railroad, 61 Mo. App. 533.

*Joseph S. Laurie, Albert Blair* and *Robert E. Collins* for respondents.

(1) The requirements of our statute were fully satisfied by the execution of said certificate by the deputy in the name of his principal, the clerk. We thus see that the contention between the opposing parties herein rests upon the construction of our statute. R. S. 1899, secs. 582, 4160; State ex rel. v. Allison, 155 Mo. 330; Springer v. McSpadden, 49 Mo. 299; Nat. Acc. Soc. v. Spiro, 37 C. C. A. 388; Hope v. Sawyer, 14 Ill. 254; Mechem, Pub. Off., sec. 584; Devlin, Deeds, sec. 473; 9 Am. & Eng. Ency. Law, 369. The decisions in construction of the U. S. Stat., sec. 905, as to whether the term ''clerk'' includes the deputy, are not uniform. A number of decisions hold directly the reverse of those decisions cited in the Murdock case. Young v. Thayer, 1 G. Green 196; Greason v. Davis, 9 Iowa 219; Steinke v. Graves, 16 Utah 293. We refer the court to the following decisions of our own State. Carr v.

Jackson, 28 Mo. 314; Etz v. Wheeler, 23 Mo. App. 449; Martin v. Gray, 142 U. S. 236. (2) The alleged defect in the return was cured by amendment. 18 Ency. Pl. & Pr. 590, 959, 961, 962, 963; R. S. 1899, secs. 660, 670; Scruggs v. Scruggs, 46 Mo. 271; Phillips v. Evans, 64 Mo. 171; Webster v. Blount, 39 Mo. 500; Magrew v. Foster, 54 Mo. 258; Bank v. Grewe, 84 Mo. 478; Smoot v. Judd, 184 Mo. 540; Judd v. Smoot, 93 Mo. App. 289. (3) The decree finds specifically that service was made in the State of California by an officer authorized by the law of that State to make such service; and such finding is conclusive. (4) The Statute of Jeofails provides that no judgment shall be reversed or affected for any imperfect or insufficient return.

GRAVES, P. J.—In 1892, John G. Priest, trustee, for Sophia Capitain, Manette Capitain, and Frank J. Capitain filed a bill in equity in the St. Louis Circuit Court against Sophia M. Capitain, Ringrose J. Capitain, Isabella Capitain, Chouteau Capitain, Ringrose J. Watson and Catherine A. Watson, his wife. The petition uses both the names Sophia Capitain and Sophia M. Capitain, but they both refer to the same person.

By this petition it was alleged that Ringrose J. Watson conveyed to Joseph Bogy and Edward T. Farish, certain property in the county and city of St. Louis in trust for Sophia Capitain, his daughter, she being then a *femme sole* under the name of Sophia Watson; that such conveyance was for an estate during the life of the said Sophia Watson, free from the control of her husband, should she marry, and after her death the same to go to any surviving child or children of the said Sophia upon said child attaining the age of twenty-one years, but in the event the said Sophia died without heirs, then such property to re-

236 Sup.—29

vert to the grantor or his heirs wholly discharged of said trust.

The petition further alleged that said Bogy and Farish entered upon said trust; that Bogy resigned in 1878 and Farish in 1879, whereupon Frank J. Capitain was appointed trustee by the circuit court of the said city of St. Louis; that in 1889 the said Frank J. Capitain became a non-resident of this State and John G. Priest was appointed in his place by said circuit court. The petition then avers the marriage of Sophia Watson to Frank J. Capitain and the names of the children born of such marriage. It then charges the insanity of the said Sophia, and that under the orders of the said circuit court the said Priest had incumbered a part of such real estate for the support and maintenance of the said Sophia; that said incumbrance was due, as well as other charges upon said real estate; that the rents and profits from said real estate were insufficient to discharge said liens, and that the said Sophia and her children were without means of support; that there was then due for medical attention to the said Sophia, the sum of $4,000. The petition then thus concludes:

"That by reason of the premises, it has become and is indispensable to the welfare of the said insane person and her said minor children that the said parcels of land hereinbefore described be sold so that the charges, incumbrances and debts be paid and a proper reinvestment of the remaining proceeds of said estate be made so as to make such remaining proceeds of said estate productive and obtain a suitable income for the support and maintenance of the said insane person, and the support, maintenance and education of her said minor children.

"That neither of the said parcels of land can be made so far productive as to provide a sufficient income to meet the necessities of said estate and to discharge the said incumbrances.

"That unless the said parcels of land are sold and the said incumbrances, charges and debts satisfied thereby, the whole of said estate will stand in danger of being lost and sacrificed, but that by means of the change in investment herein contemplated provision can be made for the early payment of all such incumbrances, debts and charges and a suitable income be obtained for the said insane person and her said minor children.

"That the present is a favorable time for the sale of said parcels of land and that the said plaintiff, John G. Priest, has received, as trustee under said deed, an offer for the purchase of said parcels which is deemed by him and will, upon hearing, be found by this Honorable Court to be the full market value of said real estate.

"Wherefore, by reason of the premises, the said plaintiffs pray that by its proper order and decree this Honorable Court will direct the said real estate to be sold, the said incumbrance, charges and debts to be paid with the proceeds thereof, the expenses of sale and of this proceeding to be paid, the charges of said trustee to be satisfied and the remainder of the proceeds of sale to be invested for the maintenance of said insane person, and for the maintenance and education of her said minor child and for all other and proper relief."

On this petition summons was issued and personal service had upon Catherine A. and Ringrose J. Watson in the city of St. Louis in March, 1892. For other defendants a summons was sent to the State of California. This summons was thus served, as appears from the record:

"State of California, County of Los Angeles, ss.

"E. D. Gibson, sheriff of Los Angeles county, being duly sworn, makes oath and says that he executed the annexed process in the city of Los Angeles, state and county aforesaid, on the 17th day of March, 1892,

by delivering a true copy of the petition and summons as hereto annexed to Sophia M. Capitain, Ringrose J. Capitain, Isabella Capitain and Chouteau Capitain.

"E. D. GIBSON.

"Sworn to and subscribed before me this 17th day of March, 1892.

"Witness my hand and the seal of the superior court of Los Angeles county, at office in the city of Los Angeles, this 17th day of March, 1892.

"I further certify that said E. D. Gibson was at the date aforesaid and now is sheriff of the county of Los Angeles, and duly authorized to serve process in the county of Los Angeles and the State of California, and that he is an officer of said court.

"T. H. WARD,
"Clerk of Superior Court.
"By A. A. BAILEY,
"Deputy."

After this service, an amended petition was filed and an *alias* writ of summons issued. This *alias* writ was sent to the State of California, and return made thereon in this manner:

"State of California, County of Los Angeles, ss.

"C. A. Alexander, deputy sheriff, being duly sworn, makes oath and says that he executed the annexed process in the city of Los Angeles, state and county aforesaid, on the 12th day of May, 1892, by delivering a true copy of the petition and summons as hereto annexed to Sophia M. Capitain, Ringrose J. Capitain, Isabella Capitain and Chouteau Capitain.

"C. A. ALEXANDER,
"Deputy Sheriff.

"Sworn to and subscribed before me, this 13th day of May, 1892.

"Witness my hand and the seal of the superior court of Los Angeles county, at office in the city of Los Angeles, this 13th day of May, 1892.

"I further certify that said C. A. Alexander was at the date aforesaid and now is deputy sheriff of the Los Angeles county, and duly authorized to serve process in the county of Los Angeles and State of California, and that he is an officer of said court.

"(Seal)                    T. H. WARD,

"Clerk of Superior Sourt, said Co. and State.

"By A. BRAY, Deputy."

The difference between the original and amended petitions may become material later.

Following this was a decree, the particulars of which are not necessary at this point, except that it granted the prayer of the petition for a sale of the property and the discharge of the liens and expenses, and reserved to the court the right to further direct the investment of the surplus. Under this decree the land was sold by Priest and deeds made to the purchaser. Part of the purchase price was cash and a larger part was by secured notes. The matter thus stood for some years, but in 1905 Ringrose J. Capitain, Chouteau Capitain and Isabella Capitain Williams brought their suit to set aside the decree in the Priest suit, supra, as well as the conveyance thereunder. The plaintiffs in this last case are alleged to be the children of Sophia M. (Watson) Capitain and Frank J. Capitain. Before trial of this last case, C. A. Alexander applied to the circuit court of the city of St. Louis for leave to amend his return, which said original return we have set out in full above. The amendment proposed, as per the application filed, was to be as follows:

"State of California, County of Los Angeles, ss.

"C. A. Alexander, being duly sworn, makes oath and says that upon the 12th day of May, 1892, he was a deputy sheriff of the county of Los Angeles in the State of California, and that as such, under the laws of California, he was authorized to serve summonses

in suits at law and other judicial writs; that at said date he received from the circuit clerk of the city of St. Louis, State of Missouri, a writ of summons to which was annexed a certified copy of an amended petition issued in a certain suit then pending in Court Room No. 5 of the circuit court of the city of St. Louis, State of Missouri, a certified copy of said amended petition and said summons being hereto annexed with direction to serve said writ of summons upon Sophia M. Capitain, Ringrose J. Capitain, Isabella Capitain and Chouteau Capitain, then residing in the city of Los Angeles, California; that in compliance with direction he executed said process in the city of Los Angeles, State and county aforesaid, on the 12th day of May, 1892, by delivering a true copy of said amended petition and summons as hereto annexed to Sophia M. Capitain, Ringrose J. Capitain, Isabella Capitain and Chouteau Capitain, that is to say, by delivering a true copy of said amended petition and a true copy of said summons to each of said defendants.

"C. A. ALEXANDER.

"Sworn to and subscribed before me this 13th day of December, 1905.

"(Seal)                          C. G. KEYES.

"County Clerk and Ex-Officio Clerk of the Superior Court of Los Angeles County, State of California.
    "(Seal)

"Witness my hand and the seal of the superior court of Los Angeles county at the office of said court in the city of Los Angeles, this 13th day of December, 1905.

"I further certify that said C. A. Alexander was on the 12th day of May, 1892, a deputy sheriff of the county of Los Angeles, and as such was duly authorized to serve process in the county of Los Angeles and

State of California, and that at that date he was an officer of said court.

"(Seal)                                C. G. KEYES.

"County Clerk and Ex-Officio Clerk of the Superior court of Los Angeles County, State of California."

This application the court sustained and allowed the amendment as prayed. From such order this appeal was taken. Later, the case to set aside the judgment in the original Priest case was tried, and appealed to this court. In such trial this amended return, as well as the other returns, became potent factors or are so considered by counsel. The two cases were then ordered by this court to be heard together and were so argued. Upon our record, the one now under consideration is numbered, 14,373, and the other, 14,965. To our mind the action upon the part of the court as to this amended return, as well as the force and effect of the previous return, should be first determined in this case before the discussion of the succeeding case. The foregoing sufficiently states all facts for the present case.

I. Under the facts three questions are presented, (1) does the law contemplate the amendment of a return made by an officer of a foreign state under our statute which provides for this substituted service, (2) if so, can one out of office make such amended return, and (3) if such amendment was improperly made was the original return sufficient. The latter proposition comes more properly in the companion case, but as the two cases must be read and considered together, we might as well dispose of the whole matter in this case. The latter question has been briefed in this case and we are therefore not without light upon the subject. These questions we take in order. This service was made in 1892 and the statutes of 1889 was the governing law.

Section 2029, Revised Statutes 1889, reads: "In any of the cases mentioned in section 2022, the plaintiff may cause a copy of the petition, with a copy of the summons, to be delivered to each defendant residing or being without this state, and at any place within the United States or their territories, twenty days before the commencement of the term at which such defendant or defendants are required to appear; and if the defendant shall refuse to receive such copy of the petition and summons, the offer of the officer to deliver to him the same, and such refusal, shall be as effectual service as though such copies were actually delivered to such defendant. Such service may be made by any officer authorized by law to serve process within the state or territory where such service is made, and shall be proved by the affidavit of such officer, stating the time and manner of such service, made before the clerk or judge of the court of which affiant is an officer. Such clerk or judge shall certify the official character of the affiant, and to his authority to serve process within the state or territory where such service was made. When such certificate is made by a clerk or judge of a court of record, the same shall be attested by the seal of such court, and when the same is made by a judge of a court not of record, the official character of such judge shall also be certified by the proper officer of the state, under his official seal. And any return of service, made and certified as above provided, shall be prima-facie evidence of the facts stated in such return. If the plaintiff, in any of the causes mentioned in section 2022, shall make the affidavit required by said section and shall file in said cause proof of service of process on any defendant or defendants, in conformity with the provisions of this section, it shall not be necessary for such plaintiff or plaintiffs to obtain the order provided in section 2022, or to procure the publication provided in section 2028. Service of process in conformity with this section shall

be as effectual within the limits of this State as personal service within this State, and judgments rendered against defendants thus served shall have the same force and effect within the limits of this State as judgments rendered against defendants personally served with summons in this State.''

The latter clause of the section has been held to be violative of constitutional rights, if construed to mean that a personal judgment could be entered upon such a service. [Moss v. Fitch, 212 Mo. 484, and cases therein reviewed.]

This statute, it will be observed, requires service of notice to be made by some officer authorized to serve process in the state in which service is sought. It then prescribes what the proof of that service shall be. That proof must appear upon the summons, one of the files of the case. Upon that proof the courts of this State assumes or refuses to assume jurisdiction. The statute having prescribed a single mode of proof, none other can be accepted.

Upon this point it has been well said by Goode, J., in Harbert v. Durden, 116 Mo. App. l. c. 515: ''The general rule of law is that when a statute designates the mode in which due publication of a notice shall be proved, this mode is the only one for making the proof. [Comfort v. Ballingal, 134 Mo. 281, 294; Martin v. Allard, 17 S. W. 878; Martin v. Barbour, 140 U. S. 644; Luffborough v. Parker, 16 Serg. & Rawles Rep. 351.] All the decisions we have found upholding that doctrine were based on statutes which appeared to exact a certain mode of proof; instead of merely saying, as the one under examination does, that a given mode shall be sufficient.''

He had under consideration the statute referring to the proof to be made of a publication. That statute says that such proof as therein named ''shall be sufficient evidence of the publication,'' but does not limit the proof to the method suggested by the statute. The

statute under consideration prescribes a single method of proof. It does not leave it open to other methods of proof. It says: "Such service may be made by any officer authorized by law to serve process within the state or territory where such service is made, *and shall be proved by the affidavit of such officer, stating the time and manner of such service, made before the clerk or judge of the court of which affiant is an officer.*"

This therefore is the only proof which the court has before it upon the question of its jurisdiction, because the court cannot proceed to adjudicate the *res* until some kind of a constructive notice has been legally given. It is without jurisdiction to proceed with the *res* until due proof has been made of notice.

What we have said above readily bears more upon a succeeding question than upon the one now under discussion, but we add it now to the end that it may enable us to get a clearer view of the question we desired to discuss in this paragraph. That question is: Did the circuit court have the right to allow the amended proof of service in this case?

That an officer of a court may by leave of court amend his return of service of process, there is no doubt. But the party serving this notice was not an officer of the court to which he applied for leave to file a new and additional affidavit of service. His service of notice or process was not evidenced by an official act. He was an officer in California, but not an officer in Missouri. Officers in Missouri make their returns under their official oaths, and if they find that they have made a mistake in a return, by leave of court they can under their official oath amend it. And further, having once been an officer of the court, we have permitted them to amend their returns, even after leaving office. But all this is on the theory that they are or have been officers of the court and known to the court. And it might be said to be upon another

theory, i. e., that they have an official bond which stands good for any false amendments, if such they make. And this too might be suggested as reason for giving such officers leave to amend their returns to comport with the facts. Their bond would be released from an action on the first return. These things do not apply to an officer or class of officers in California pointed out by our statute as suitable persons to render service in particular cases pending in Missouri. He is by the statute recognized as an individual and not as an officer. He makes no official return, but makes an affidavit of what he has done. He is in no way liable on his official bond. His proof of service is by evidence in the way of an affidavit, the officer's proof of service is by way of his official statement on his oath of office, and for which official statement he is responsible upon his bond. I am fully convinced that there is no authority in law for the amended affidavit permitted by the circuit court. When the law speaks of and permits the amendments of returns of process it means official returns, and not proof of service by the affidavit of an individual. The seriousness of the course last named is seen in this case. If as a matter of law the first proof failed, then we have a void judgment made valid upon the *ex parte* affidavit of an individual. We find no case in point, but in our judgment there was error in permitting this new affidavit to be filed in support of the judgment. Such to us appears to be the reason of the thing. Of course, this affidavit being mere evidence of service, if before judgment the first affidavit was found to be defective, a proper new affidavit might be procured and filed at any time before the trial court was called upon to try the cause and pass judgment. That, however, is not this case. What we have said and will say should be taken in the light of the facts now being adjudicated.

II. Going to the second question above suggested: ''Can one out of office make such amended return?''. We think the matter has been fully disposed of as above. That is to say, if the service in this case was not made by an officer of the court, then such individual cannot amend an affidavit which is his proof of service. As urged in the first paragraph, the law only contemplates amendments by officers of the court, and not amendments of affidavits in the nature of proof of service by an individual. To the Missouri court, the deputy sheriff was nothing more than an individual. The statute by requiring an affidavit rather than an official return so recognizes him. But answering the question now under consideration, we say that an official out of office may be permitted by the court to amend his return. [Judd v. Smoot, 93 Mo. App. 289; R. S. 1909, sec. 1861; Blaisdell v. Steamboat William Pope, 19 Mo. 157; Scruggs v. Scruggs, 46 Mo. l. c. 273; Feurt v. Caster, 174 Mo. l. c. 298.]

These amendments are allowed under special statute in this state, but must be within the sound discretion of the court. [Authorities, supra.] The statute, Revised Statutes 1909, sec. 1861, reads: ''All returns made by any sheriff or other officer, or by any court or subordinate tribunal, to any court, may be amended in matters of form by the court to which such return shall be made, in its discretion, as well before as after judgment.''

It must be noted that right to amend is given to a *sheriff* or *other officer,* and not to an individual. Under this statute we have permitted amendments of returns both before and after judgment, but in no case have we permitted an individual to amend his affidavit in proof of service. Such was not contemplated by the statute. So answering our second proposition, we say that an official may amend his return by leave of court after such an official goes out of office, but

that such ruling does not authorize the action of the court *nisi* in the case at bar.

III. This brings us to the third proposition in the case, i. e., was the original affidavit to the service sufficient in law to confer jurisdiction upon the court? It is not denied that a deputy sheriff was authorized to serve process in California, and the only question is as to whether or not the proof of service is good. As we have above stated, under our statute, the proof of service can be made but in one way. This statute is one providing for substituted or constructive service. [Moss v. Fitch, supra.]

All the cases hold that statutes of this character are to be strictly construed, and for the good reason that property should not be taken under this process of necessity without a rigid compliance with the law.

In this State we have two classes of service by necessity, i. e., one by publication, and the other as provided for in the statute under construction. [Moss v. Fitch, supra.] Neither was recognized by the common law.

In a very recent case, Stanton v. Thompson, 234 Mo. 7, this court said: "By force then of express charter terms, service by publication may be had only as in suits in the circuit court. That call points to the general statutes for the conditions under which effective newspaper service may be had. In going there we go quickened by the cardinal precepts: First, that, where a statute creates a new right and prescribes the remedy, the remedy prescribed is preclusive, and must be followed; and, second, that service of process by newspaper publication is allowed as of necessity. It is due process of law more in form than in substance. However convenient, it is a harsh and highly technical substitute for service of process; therefore, is *strictissimi juris,* and (being of rigid right) a par-

ty invoking it is entitled to cold law—no less, no more.''

The numerous cases cited by LAMM, J., in the Stanton case, supra, leave no doubt as to the correctness of the rule announced. See also cases cited under point two of appellant's statement and brief.

Now, what is strict construction? Black's Law Dictionary, p. 254, thus well defines the term: ''Construction of a statute or other instrument according to its letter, which recognizes nothing that is not expressed, takes the language used in its exact and technical meaning, and admits no equitable considerations or implications.''

In the case at bar it is contended that the original proof of service is invalid because it does not come within the strict letter of the statute. That it should come within such strict letter is apparent from the authorities, supra. The affidavit for service was made before the deputy clerk rather than before the clerk in the State of California. Is this sufficient? Counsel for respondent were not of the opinion that it was, because when the question was raised in the second suit they immediately and before trial of that case undertook to correct the defect. But we are not bound by their views of the law then, even though it be against their contentions now. The question as to the sufficiency of this proof is here for our determination and we must face it without regard to the changed views of counsel, if in fact they have been changed.

The statute says this affidavit must be made before the clerk or judge of the court of which the serving officer is an official. Does the word ''clerk'' include deputy clerk? In this State that which may be done by the clerk may be done by his deputy. This is per force of statute. [R. S. 1899, sec. 4160; now sec. 8057, R. S. 1909.] This statute, so far as applicable, reads: ''When a statute requires an act to be done, which by law, an agent or deputy as well may do as the

principal, such requisition shall be satisfied by the performance of such act by an authorized agent or deputy.''

That the deputy clerk of a county in this State could swear a person to an affidavit is unquestioned. Such, however, is not the real question here. That at common law a clerk could appoint a deputy and the acts of such deputy in the name of the principal would be as valid as if performed by the deputy may also be conceded. [Small v. Field, 102 Mo. 104.] Yet this does not reach the exact question here. This statute must be construed strictly. It must be construed according to its letter and not according to reasonable intendment. It says that the affidavit must be made before the clerk or the judge. It could have said before the clerk or his deputy and left the judge out. It could have said before the clerk or his deputy or before the judge, but it does not. In other words, the State was providing for a service of notice beyond the jurisdiction of the courts of the State, and in providing for such a service, unknown to the common law, and in derogation of the common law, the State saw fit to point out the official or person in the sister State before whom the proof of such service could be made. The State by its legislative act might have pointed out a notary public in preference to either a clerk or judge of a court. It might have pointed out any other officer before whom an affidavit could be made. The lawmaking power, however, saw fit to name but two officials of a sister State to perform this duty, and if the statute is to be strictly construed, as we think it is, then the deputy clerk cannot perform the duties enjoined upon the clerk. We should not use the word ''enjoined,'' because a Missouri Statute can enjoin no duty upon a citizen or official of another State. All this State can do is to say to her own citizens, If you desire this kind of service, then you must have your proof of service made before a certain person or

officer in order that such proof will be taken here. That is all this statute undertakes to do, and if the proof is not made before the person or officer designated, it is void and no proof at all. This court has not heretofore passed upon the precise question, but the Kansas City Court of Appeals has passed upon it.

In Murdock v. Hillyer, 45 Mo. App. l. c. 292, ELLISON, J., for the Kansas City Court of Appeals, said: "There is another fatal objection to the service made. The statute is that the officer in the foreign State making such service shall make affidavit thereto before the clerk or judge of the court of which he is an officer, and that his official character shall be certified to by such clerk or judge. In this case the affidavit was made before the deputy clerk, and he certifies to the official character of the affiant. This was not a compliance with the statute. The only authority which a deputy clerk in Kansas has to act for his principal is the law of Kansas; but the power to act in the present case is derived from the law of Missouri which gave authority to the clerk in person and not the deputy. A like construction is put on the Federal statute, concerning certificates to judgments of one state, which are to receive full faith and credit in all other states. [Greenleaf, Ev., sec. 506; Morris v. Patchin, 24 N. Y. 394; Stephenson v. Baumster, 3 Bibb, 369; Kansas Pacific Ry. Co. v. Cutter, 19 Kan. 83.] In Flint v. Noyes, 27 Kan. 351, under a statute similar to ours, a writ was sent into Missouri for service by the sheriff of Buchanan county. Service was made by the deputy, and it was held not to comply with the law. Our conclusion is that the process against Hillyer, and the service thereof, are each void, and that no personal judgment should have been rendered against him. And since there was no order of publication, no judgment of any kind can be taken against him or his interests, if he has any."

In a later case, State v. Foreman, 121 Mo. App. l. c. 509, the same judge says: "We regard the introduction of the court record of the district court of Clarke county in the State of Iowa as improper. It appears that Oliphant was an important witness for the defense and the State sought to discredit him and thereby in effect to deprive defendant of the benefit of his testimony by showing a court record of his conviction for selling liquors illegally in the State of Iowa. In attempting to authenticate that record under the provisions of the act of Congress, declaring that full faith and credit shall be given in one State to the judicial record proceedings of another State, the certificate was made by the deputy clerk of the court in the name of the clerk, thus 'F. M. Stacey, Clerk of the District Court. By W. E. Morrow, deputy.' The act of Congress requires that the clerk himself shall do so, and not by or through his deputy. [Murdock v. Hillyer, 45 Mo. App. 287; Morris v. Patchin, 24 N. Y. 394; Flint v. Noyes, 27 Kansas 351; Railway Co. v. Cutter, 19 Kan. 83.] In the latter case the certificate was made by the deputy in the name of the clerk, but in an opinion by BREWER, J., it was held to be insufficient. It is true that our statute, and if it be assumed that the statute of Iowa also, makes the acts of the deputy in the name of his principal the acts of his principal. Yet the validity of the certificate of a foreign record does not depend upon State laws. The State does not give authority to the clerk. The clerk derives his authority from the law of Congress and not the law of the State."

In Adams v. Heckscher, 80 Fed. l. c. 742, PHILIPS, J., said: "The attempted service of summons on defendant in the State of Pennsylvania is clearly bad, for the reasons that process in that State was not served upon the defendant in person, as required by section 2022, Revised Statutes 1889; *and, second, be-*

*cause the affidavit of such service made by the sheriff was not made before the clerk of the court, as required by the statute, but was made before a deputy."*

A very similar question is passed upon by HORTON, C. J., of the Supreme Court of Kansas, in Flint v. Noyes, 27 Kan. 1. c. 353, whereat he says: "However, as an important question concerning the service of a summons out of the State is discussed in the briefs, we pass to the consideration of that. It is alleged, among other grounds for the vacation of the judgment, that the defendant had not been duly served with the process of the court, and that the court had no jurisdiction to try and determine the cause at the rendition of the judgment. Section 76 of the Code prescribes that 'in all cases where service may be made by publication, personal service of summons may be made out of the State by the sheriff of the county in which such service may be made.' In making the service of the summons out of the State, a sheriff derives his authority from this statute, not from the State laws where he resides; and under this statute, it seems to us that the service of the summons must be made by the sheriff in person; and that the service cannot be made by a deputy or any other person acting as a substitute for him. The statute authorizes the summons to be served out of the State by a sheriff, and names no other person. [Morris v. Patchin, 24 N. Y. 394; Railway Co. v. Cutter, 19 Kas. 83.] In this case, the sheriff of Buchanan county did not make service of the summons; therefore the statute was not complied with, and the defendant was not served at the time of judgment with the process of the court as prescribed by law. The deputy sheriff of Buchanan county had no more authority to make service than any other person acting as a substitute for the sheriff."

It is urged in the case at bar that a deputy can act for the officer. If this be true as to a clerk it would

likewise be true as to a sheriff. Both are ministerial officers and can appoint deputies, even without express statutory authority, but so far as we know there is statutory authority in all of the states. The United States statute relating to the proof of judgments and records of the different states which are to be used in evidence in some one of the states, is very much like the statute we have under construction. This statute has received numerous constructions and some upon the exact point in issue.

In Railway Co. v. Cutter, 19 Kan. 83, BREWER, J., had the Federal statute under consideration. That distinguished jurist there said: "This was an action under section 422 of the code, by the personal representative of Joseph Stewart, deceased, to recover damages for the death of the deceased caused by the negligence of the company. The first error alleged is in the admission of a record of the probate court of the Territory of Colorado, certified to in the name of the clerk by a deputy. It is not claimed that this record as authenticated was admissible under the section of our own statutes applicable thereto (Gen. Stat, p. 700, par. 371), but it is claimed that it was under section 905 of U. S. Revised Statutes. That section, however, authorizes attestation by the clerk, and names no other person. And it seems to be settled that this of itself grants no authority to a deputy clerk. [1 Greenleaf on Ev. (13 Ed.), par. 504; Stephenson v. Baumster, 3 Bibb, 369; Morris v. Patchin, 24 N. Y. 394.]"

Judge BREWER, later Mr. Justice BREWER, cites and quotes from Morris v. Patchin, 24 N. Y. 394. In the Morris case, ALLEN, J., goes direct to the question of moment in the case at bar. After discussing the functions of the judge and his cerificate under the Federal statute, he thus proceeds to discuss the certificate of the clerk: "So, too, the attestation is directed to be by the clerk, and not by any person act-

ing as a substitute for the clerk, or possessing like powers under the State laws. *In making the certificate, which is made evidence under act of Congress, the clerk derives his authority from the Federal and not from the State laws, and the certificate has vitality and effect, not by reason of the official character of the officer making it under the laws of the State, but in virtue of the act of Congress prescribing it as the mode of proof in this particular case.* The certificate of the judge is as to the form of the attestation; that is, that in the attestation the forms in use in the State from which the record comes have been observed. [Ferguson v. Harwood, 7 Cranch, 408; Conk. Treat., 2 Ed., p. 240.] It is made necessary, because the courts of one State cannot officially know the forms of another State. [Smith v. Blagge, 1 Johns. Cas. 239.] The certificate of the judge, as prescribed by the act of Congress, is that the attestation of the clerk is in due form, and he is not authorized to certify that the certificate of any other person is of equal validity with that of the clerk in the State when made. The form of the attestation is one thing, the person by whom it is made is quite another; the certificate of the judge determines the sufficiency of the former, the statute alone declares the latter. Prof. Greenleaf lays down the rule that the clerk alone can certify under this statute, and that the certificate of his underclerk in his absence is incompetent (1 Greenl. Ev., par. 506); and to this he cites Sampson v. Overton, 4 Bibb, 409. The certificate of the judge as to the authority of any person other than the clerk to make the certificate is of no more force than would be a like certificate as to the effect of the judgment. Again, if a deputy clerk or other person could make the certificate by reason of the power conferred upon him by the State laws, and thus satisfy the act of Congress, such law should be proved as other facts are proved or as other laws are proved, and not by the certifi-

cate of the judge, which is not made evidence of any such fact. The records were not competent evidence and were improperly admitted.''

So in the case at bar. The clerk in California acts because our statute says to a plaintiff desiring service of this character, you must get a *named* officer to act. The statute could have named many officers of California, but it did not. It could have named some Federal officer located in California, but it does not. It saw fit to distinguish one particular officer of all the number which might be found in the several States, and confine the taking of proof of service to be made before him. Under our statute this proof becomes a part of the judgment roll, as much so as the summons. If defective there is no jurisdiction to proceed with the cause. We think the proof fails to meet the requirements of our statute and the judgment entered thereon is void.

Small v. Field, supra, is urged as stating a different doctrine. This case determined the right of a deputy clerk in another State to take the acknowledgment to a deed. We perhaps state this too broadly. In that case a deed was offered in evidence which had been acknowledged before the deputy clerk of the territorial court of Washington Territory. The case was briefed on the theory that the clerk had no authority to appoint a deputy and it was upon this question that SHERWOOD, J., spent the force of his argument in the opinion. The point we have at stake was not discussed by that learned jurist.

But aside from this a sufficient answer would be that the staute we have under consideration demands strict construction, whilst the statute pertaining to the acknowledgment of deeds does not require the application of that rule.

IV. To my mind, in addition to what we have said in our paragraph two above, there is another

good and sufficient reason for holding that the trial court was in error in permitting this amended affidavit to be filed. The statute says that the service "shall be proved by the affidavit of such officer, stating the time and manner of service, made before the clerk or judge *of the court of which affiant is an officer.*"

This statute says that the affidavit must be made before the clerk or judge of which the *affiant is* an officer, not of which affiant *has been* an officer. The wording of the statute itself would seem to preclude the idea of an affidavit from one who was not an officer of the court at the time the affidavit was made.

Upon the whole, the court was clearly in error in allowing this amended affidavit to be made a part of the record, and this cause is reversed and remanded with directions to the trial court to set aside its judgment and order so allowing such amendment, and enter a judgment and order overruling the application of C. A. Alexander to make such amendment. All concur.