## OTTO STUCKERT, Appellant, v. CHARLES F. THOMPSON, Respondent.

### St. Louis Court of Appeals, March 3, 1914.

1. **EXECUTIONS: Attachment on Constructive Service: Form of Execution.** An execution issued on a judgment in a proceeding by attachment, based on constructive service, directing the sheriff to satisfy the judgment first out of the attached property, and, if insufficient, then out of any other goods, chattels, lands or tenements of defendant, is erroneous, since, under Section 2331, R. S. 1909, an execution in such a case may issue only against the property attached.

2. **PROCESS: Service: Return by Deputy.** In order to constitute a valid return of service of process by a deputy sheriff, it must be made in the name of the sheriff by the deputy as such, and hence a return made by a deputy sheriff in his own name is void.

3. **————: Constructive Service: Direction to Foreign Officer: Service by Deputy.** Where, in an effort to obtain constructive service on a defendant in another State, pursuant to Section 1778, R. S. 1909, process is directed to the sheriff of a designated county in such State, such process is directed to the sheriff as an individual and not as an officer, and hence a return of service by the sheriff's deputy in his own name is void and insufficient to confer jurisdiction upon the court to render judgment. [Reynolds, P. J., *dubitante.*]

4. **JUDGMENTS: Void Judgment: Collateral Attack.** A judgment which is void for lack of proper service may be attacked in a collateral proceeding.

Reynolds, P. J., concurs in result.

Stuckert v. Thompson.

Appeal from Lincoln Circuit Court.—*Hon. B. H. Dyer,* Judge.

AFFIRMED.

*Wm. A. Dudley* for appellant.

The service of the writ directed to the sheriff of Red River county by a deputy sheriff is valid because (a) A direction of a writ to a sheriff is broad enough to include anyone performing the functions of a sheriff and having authority to serve writs as a sheriff. Alexander v. Eberhardt, 35 Mo. 475; Bick v. Wilkinson, 62 Mo. App. 31. (b) The statute authorizes the service by "any officer authorized by law to serve process within the state or territory where such service is made," regardless of the direction of the writ. And the same statute makes the certificate of the clerk the only evidence of the officer's authority. Sec. 1778, R. S. 1899. (c) The misdirection of the writ, in any event, is a mere irregularity, so long as it informs the defendant that he is the person summoned. R. S. 1909, Sec. 2119 Subdivision 2; 32 Cyc. p. 430, Paragraph 3; Hansford v. Hansford, 34 Mo. App. 262; State v. Foster, 61 Mo. 549; City of Cape Girardeau v. Riley, 52 Mo. 424; Roberts v. Stone, 99 Mo. App. 425; Doan v. Boley, 38 Mo. 449. (d) If the point be made that, in Missouri, and it has been so held, a deputy sheriff can only act in the name of his principal, the point is answered by the statute, which provides that any officer authorized by law to serve process within the territory may serve. That is, he may serve in his own right, so far as jurisdiction in Missouri is concerned. Not because he is deputy sheriff, but because our statute confers the power upon him, because he has authority at home to serve process. The authority comes from our statute, not from Texas. Priest v. Capitan, 236 Mo. 446; Murdock v. Hillyer, 45 Mo. App. 287. The

Stuckert v. Thompson.

evidence of the authority is the certificate of the clerk. Murdock v. Hillyer, supra; Priest v. Captain, supra.

*R. H. Norton* and *O. H. Avery* for respondent.

ALLEN, J.—This is an appeal from the action of the circuit court in quashing an execution issued upon a judgment rendered in an attachment suit.

The record discloses that in 1910 the defendant, then a nonresident of the State of Missouri, was the owner of an estate in certain lands in Lincoln county; and that plaintiff instituted an action by attachment against the said property of the defendant. Upon the filing of an affidavit of defendant's nonresidence, a writ of attachment was issued to the sheriff of Lincoln county, and a summons issued directed to the "Sheriff of Red River County, Texas." The latter writ found its way into the hands of one King Reed, said to have been a deputy sheriff of said county of Red River, State of Texas. And he, on February 22, 1911, made affidavit before the clerk of the county court within and for said last mentioned county, to the effect that he had served the summons, and the copy of the petition annexed thereto, upon the defendant, in the aforesaid county and State, on February 21, 1911, by delivering to defendant a true copy of said summons and petition as furnished by the clerk of the Circuit Court of Lincoln County, Missouri.

The clerk of said county court of Red River, Texas, certified to the official character of the affiant, King Reed, certifying that the latter was "a duly appointed and acting deputy sheriff within and for said county of Red River, and an officer of said county court," and "duly authorized by law to serve process within the said county of Red River and State of Texas." This certificate was signed personally by the clerk of said county court and attested with the seal of such court.

The defendant made default, and judgment was rendered for the amount of plaintiff's claim, and special execution ordered to issue against the attached property. The execution issued on such judgment, and to which the said motion to quash was directed, commanded the sheriff of Lincoln county as follows: "That of described real property (attached) and if the same be not sufficient, then of any other of the goods and chattels, lands and tenements of the said defendant, you will cause to be made the debt and the costs aforesaid," etc.

I. The judgment ordered special execution to issue, but the execution which was in fact issued commanded the sheriff to satisfy the judgment first out of the attached property, and if the latter be not sufficient then out of any other "goods, chattels, lands and tenements" of the defendant. It is quite clear therefore that the execution is one which could not be lawfully issued in an attachment proceeding, upon constructive service, for such execution may only issue against the property attached. [See Sec. 2331, Rev. Stat. 1909.]

II. However, the sole ground of the motion to quash the execution is that the court acquired no jurisdiction to render a judgment against the property of defendant, for the reason that the "return" of the writ of summons directed to the sheriff of Red River county, Texas, was void upon its face. It must have been upon this ground then that the circuit court sustained the motion to quash, and this upon the theory that the judgment was void; and this is the vital question here presented for review.

Section 1778, Revised Statutes 1909, provides that in any of the cases mentioned in the preceding section, 1770, the plaintiff may cause a copy of the petition, with a copy of the summons, to be delivered to each

defendant residing or being without this State, and at any place within the United States or Territories, twenty days before the commencement of the term, etc.; and that such service be made by "any officer authorized by law to serve process within the State or Territory where such service is made, and shall be proved by affidavit of such officer, stating the time and manner of such service, made before the clerk or judge of the court of which affiant is an officer." And it is further provided that "such clerk or judge shall certify to the official character of the affiant, and to his authority to serve process within the State or Territory where such service was made."

In the case before us, this writ, as we have said, was directed to the "sheriff of Red River county, Texas." It was not served by such sheriff, nor by any one purporting to act for him or in his name and behalf, but by one King Reed, purporting to act as deputy sheriff, and who made return thereof in his own name. The affidavit, constituting proof of such service, was made before the *clerk* of the Texas court, who certified to the official character of the deputy sheriff, and that the latter was duly authorized by law to serve process within Red River county, Texas; and there is no question here relative to the certificate itself. [See Givens v. Harlow, 251 Mo. 231, 158 S. W. 355; Priest v. Capitain, 236 Mo. 447, 139 S. W. 204; Murdock v. Hillyer, 45 Mo. App. 1. c. 292.]

It has long been the rule in this State, and it is the settled common law doctrine, that in order to constitute a valid return to service of process by a deputy sheriff, such return must be made in the name of the sheriff, by the deputy as such, and that a return made by a deputy sheriff in his own name is void. [See State ex rel. v. Fisher, 230 Mo. 1. c. 339, 340, 341, 130 S. W. 35, and authorities there referred to.] "The officer who executes process must return it, and when a deputy performs the duty, he must sign the return in the name

of the sheriff or other principal by him as deputy. A return made in his own name by a deputy sheriff is void." [Murphree on Sheriffs, Sec. 856.]

There can be no doubt that, had the service here in question been made within this State, the writ, having been directed to a sheriff, served by a deputy sheriff, and the return thereof made by the latter individually and not in the name of his principal, such return would have been void. [See State ex rel v. Fisher, supra.] In serving such process the deputy can act only in the name and on behalf of his official principal, the sheriff, and the return must be made accordingly. And the question presented in this connection is whether the same rule should be applied to extraterritorial service, such as is here involved.

In Priest v. Capitain, supra, in treating of the right of a foreign officer, who had executed the process of a court of this State to amend his return, it is said that such foreign officers as are pointed out by our statute, supra, "as suitable persons to render service in particular cases pending in Missouri," are recognized by the statute as individuals merely and not as officers. And it is pointed out that a person thus serving process of our courts, in a sister State, "makes no official return, but makes an affidavit of what he has done," the latter being "merely evidence of service."

But nevertheless, where the writ is directed to a particular sheriff of the foreign State, it would seem to inevitably follow that his deputy (if then authorized to serve it at all) must make the service in the name and on behalf of the sheriff, and make proof of service accordingly; for, in such case, it does not appear how a deputy sheriff can be said to have any authority to serve the writ, other than that which he may possess by virtue of being the sheriff's subordinate. Individually he is a stranger to the writ. It is not directed to him, nor to a class of officers, in general, "authorized by law to serve process" within his State.

And while the deputy's affidavit in proof of service is not an official return (Priest v. Capitain, supra), it undoubtedly here fulfills the office of a return; for it is that which our statute provides for in such cases, in lieu of an official return. If the deputy, therefore, could make service, if at all, only as the agent of his official principal, it would appear that his proof of service, operating as a return, should be subject to the same general rule that applies to the return of process by a deputy sheriff in this State; for, as said by SHERWOOD, J., in Russell v. Grant, 122 Mo. l. c. 179, 180, 26 S. W. 958, in speaking of a "return" by a foreign officer under our statute, "the invalidity of the return of an officer made outside of this State must accomplish equally as detrimental results as within this State, and when made within this State."

Our statute provides that such extraterritorial service may be made "by any officer authorized by law to serve process within the State or Territory where such service is made;" and it appears by the certificate of the clerk of the Texas court that King Reed was a deputy sheriff, and "duly authorized by law to serve process" within Red River county, Texas. And it may be that a deputy sheriff is within the class of individuals designated by the statute and competent to serve such process when directed to him or to any one of a class which includes him and to make return thereof individually; though having authority, presumably, to serve the process of the courts of his own State only in the name of his principal. In Priest v. Capitain, supra, it was remarked: "It is not denied that a deputy sheriff was authorized to serve process in California." No such question, however, was there adjudicated; though it was said that the foreign officer acted as an individual in the premises.

In Flint v. Noyes, 27 Kas. 351, it was held that personal service of summons made outside of the State, pursuant to a statute thereof, could not be served by

a deputy sheriff or other person acting as a substitute
for the sheriff. This, however, was under a statute,
unlike ours, providing that ''personal service of sum-
mons may be made out of the State by the sheriff of
the county in which such service may be made.'' In
other words, the Kansas statute authorized the sum-
mons to be served by a sheriff, naming no other per-
son. And it was held that the sheriff of the county
of the foreign State, in which the service was made,
could alone execute the writ. This is in keeping with
the rule of decision prevailing in this State to the
effect that the clerk alone, and not his deputy, may
make the certificate required by our statute, for the
reason that the statute names the clerk.

But the right of a deputy sheriff to execute such
a writ when in any manner directed to him, is not the
question here involved; and we refrain from express-
ing any opinion thereon. Neither do we say that he
may or may not serve such a writ when the latter is
directed to his official superior, the sheriff, such serv-
ice being made in the name and on behalf of his prin-
cipal, and proof of service being made accordingly.
Bearing in mind what is said in Priest v. Capitain,
supra, to the effect that the officer in such cases does
not act in his official capacity, but merely as an indi-
vidual authorized by our statute to make such service,
the right of the sheriff to delegate the performance of
such a duty to his official deputy may not be free from
doubt, which we are not called upon to resolve. But we
are led to the conclusion that, in the instant case, to
which our decision is strictly confined, the deputy sher-
iff's return, made individually to the writ of summons
which was directed to his superior, is void. And it
necessarily follows that the judgment predicated there-
upon is likewise null and void.

III. It is urged that the judgment is here sought
to be collaterally attacked, and that it is good as against

such an attack. But as to this we need only to say that a void judgment is subject to attack even in a collateral proceeding. If the court was without jurisdiction, as we hold that it was, then the judgment which it rendered is not voidable merely, but void and a nullity. [See Givens v. Harlow, Moss v. Fitch, supra.]

For the reasons given above we are of the opinion that the court properly sustained the motion to quash the execution upon the ground that the judgment was void for lack of jurisdiction; and the court's action in so ruling is hereby affirmed. *Nortoni, J.,* concurs; *Reynolds, P. J.,* concurs in the result, but is doubtful as to the holding as to the return of the deputy.